**FILED**
**SEP 1 4 2007**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA D. YELDER, <br> 1807 Eufaula Avenue <br> Birmingham, AL 35208 <br> 205. 781.3454 <br><br> Plaintiff, <br><br><br> UNITED STATES DEPARTMENT <br> OF DEFENSE, <br> ROBERT M. GATES, <br> Secretary of Defense, <br> 1000 Defense Pentagon <br> Washington, D.C. 20301-1000 <br><br> And <br><br> DEFENSE SECURITY SERVICE <br> 1340 Braddock Place, <br> Alexandria, VA 22314-1651 <br><br> And <br><br> WASHINGTON HEADQUARTERS <br> SERVICE <br> 1155 Defense Pentagon <br> Washington, D.C. 20301-1155 <br><br> Defendants. | CIVIL ACTION NO. <br><br><br><br><br><br><br><br><br> Case: 1:07-cv-01639 <br> Assigned To : Leon, Richard J. <br> Assign. Date : 9/14/2007 <br> Description: FOIA/privacy Act |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *as amended*, to compel the production of records concerning the security clearance investigation of plaintiff Gloria D. Yelder.

1

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

## Parties

3. Plaintiff, Gloria D. Yelder is a private citizen of the United States of America, and the State of Alabama, domiciled in Jefferson County, Birmingham, Alabama. Plaintiff Yelder is a former employee of Defendant Defense Security Service and is the requester of the withheld records.

4. Defendants United States Department of Defense ("DOD"), Defense Security Service ("DSS") and Washington Headquarters Service ("WHS") are agencies of the United States, and have possession of and control over the records that Plaintiff seeks.

## Statement of Facts

5. The Plaintiff is a former employee of DSS who was terminated from employment based upon the loss of her security clearance due to an alleged affair.

6. After exhausting her administrative remedies, the Plaintiff filed a Complaint in the United States District Court for the Northern District of Alabama on February 24, 2000, civil action number 00-N-0458-S, challenging her termination from employment on the basis of violation of her due process rights and Title VII.

7. During the course of discovery in the aforementioned litigation and subsequent litigation, the Defendants have failed to provide the Plaintiff with a copy of a second periodic re-investigation, case control number, (CCN), 96192-DXC-1817-1E3, which was used by the agency as a basis for the decision to revoke her security clearance and terminate her employment due to an alleged affair.

8. The history of the case demonstrates that a married female citizen ("complainant") lodged a complaint that the Plaintiff was harassing her; however, the complaint was an act of retaliation against the Plaintiff because she (Plaintiff) was dating a single man with whom the complainant was simultaneously having an extra-marital affair.

2

9. The allegation of an affair having an effect on the revocation of Plaintiff's security clearance and termination from employment was not disclosed to Plaintiff until December 2004, although Plaintiff was terminated in August 1998. Also, Defendant stated that they were aware in 2001 that Plaintiff did not know about the investigations.

10. By letter dated August 2005, Plaintiff requested from DSS a copy of all documents, periodic reinvestigations, including Inspector General reports, Administrative Inquiry reports, DSS Security records and Equal Employment Opportunity records, used and/or relied upon in reaching the decision to revoke her clearance and terminate her employment.

11. By letter dated September 6, 2005, DSS informed Plaintiff that it had located no documents responsive to Plaintiff's request, but Plaintiff could appeal the decision to the Director, DSS.

12. In September 2005, Plaintiff appealed decision to the Director of DSS. To date, she has not received a response.

13. The Plaintiff, by letter dated January 21, 2007, sent a subsequent request for documents to DSS.

14. Again Plaintiff has not received a response to her request to DSS.

15. The Plaintiff, also, by separate letter dated January 21, 2007, sent to Washington Headquarters Services, Department of Defense Office of Freedom of Information a request for a copy of all information pertaining to her security clearance, including Periodic Reinvestigation, (PR), Case Control Number 96192 DXC-1817-1E3, Statement of Reasons, as well as any investigations or information pertaining to her security clearance.

16. WHS, by letter dated February 6, 2007, informed Plaintiff that the WHS, Human Resources office was searching for documents responsive to Plaintiff's request and that the portion of Plaintiff's request concerning the DSS falls under the control of DSS and had been forward to DSS for appropriate action.

17. The Plaintiff, by letter dated March 2007, again requested from DSS a copy of any documents material to her security clearance revocation.

18. DSS, through a request from WHS, by letter dated June 7, 2007, again provided Plaintiff with a copy of investigation, CCN 96192-DXO-1817-1b3, "O changed to C" with ink **and not** CCN 96192-DXC-1817-1E3 which had previously been provided and failed to provide a copy of the second periodic re-investigation which was used by Washington Headquarters and the agency as a basis for the decision to revoke her security clearance and terminate her employment.

19. The Defendants' refusal to disclose the requested records prejudiced Plaintiff's ability to prosecute her original action challenging her termination of her security clearance and termination from employment and her subsequent litigation to vindicate her rights.

20. The Administrative Judge that heard Plaintiff's case, Administrative Judge Braeman's, referenced two separate investigations.

21. The trial court's opinion in civil action 00-N-0458-S, in connection with Plaintiff's allegation that DOD violated Regulation § 8-201(a), stated, "[i]ndeed, it appears from the parties' submissions that there is a question of fact as to whether DOD provided all of the records regarding Yelder's personnel security investigation." The trial court acknowledged that Yelder may not have been provided with records concerning (1) the supplemental administrative inquiry that was closed in August, 1996 and (2) the report of the polygraph examination that she took in September, 1996.

22. The Defendants' refusal to provide the Plaintiff with a copy of the second investigation, as well as all other pertinent material documents prejudiced her ability to prosecute her case in the original litigation (civil action number 00-N-0458-S) and to vindicate her rights in subsequent litigation.

23. After years of requests and inquiries, the Defendants have still failed to provide Plaintiff with the information she has requested.

4

24. Plaintiff has a statutory right to the records that she seeks, and there is no legal basis for Defendants' refusal to disclose them.

WHEREFORE, Plaintiff requests that this Court:

(1) Declare that Defendants' refusal to disclose the records requested by Plaintiff is unlawful;

(2) Order Defendants to make the requested records available to Plaintiff;

(3) Award Plaintiff its costs and reasonable attorney's fee in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*Gloria D. Yelder*
Gloria D. Yelder
*Pro se*
1807 Eufaula Avenue
Birmingham, AL 35208
(205) 781-3454

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS  *Gloria D. Yelder* | DEFENDANTS  *U.S. Dept. of Defense, et al* |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**  (EXCEPT IN U.S. PLAINTIFF CASES)  *Pro Se N/A* | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____  (IN U.S. PLAINTIFF CASES ONLY)  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  *1807 Eufaula Ave.*  *Birmingham, AL 35208*  *205.781.3454* | Case: 1:07-cv-01639  Assigned To : Leon, Richard J.  Assign. Date : 9/14/2007  Description: FOIA/privacy Act |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane  ☐ 315 Airplane Product Liability  ☐ 320 Assault, Libel & Slander  ☐ 330 Federal Employers Liability  ☐ 340 Marine  ☐ 345 Marine Product Liability  ☐ 350 Motor Vehicle  ☐ 355 Motor Vehicle Product Liability  ☐ 360 Other Personal Injury  ☐ 362 Medical Malpractice  ☐ 365 Product Liability  ☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act  **Social Security:**  ☐ 861 HIA ((1395ff)  ☐ 862 Black Lung (923)  ☐ 863 DIWC/DIWW (405(g)  ☐ 864 SSID Title XVI  ☐ 865 RSI (405(g)  **Other Statutes**  ☐ 891 Agricultural Acts  ☐ 892 Economic Stabilization Act  ☐ 893 Environmental Matters  ☐ 894 Energy Allocation Act  ☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.  *(If Antitrust, then A governs)* |

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**  ☐ 210 Land Condemnation  ☐ 220 Foreclosure  ☐ 230 Rent, Lease & Ejectment  ☐ 240 Torts to Land  ☐ 245 Tort Product Liability  ☐ 290 All Other Real Property  **Personal Property**  ☐ 370 Other Fraud  ☐ 371 Truth in Lending  ☐ 380 Other Personal Property Damage  ☐ 385 Property Damage Product Liability | **Bankruptcy**  ☐ 422 Appeal 28 USC 158  ☐ 423 Withdrawal 28 USC 157  **Prisoner Petitions**  ☐ 535 Death Penalty  ☐ 540 Mandamus & Other  ☐ 550 Civil Rights  ☐ 555 Prison Condition  **Property Rights**  ☐ 820 Copyrights  ☐ 830 Patent  ☐ 840 Trademark  **Federal Tax Suits**  ☐ 870 Taxes (US plaintiff or defendant)  ☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**  ☐ 610 Agriculture  ☐ 620 Other Food & Drug  ☐ 625 Drug Related Seizure of Property 21 USC 881  ☐ 630 Liquor Laws  ☐ 640 RR & Truck  ☐ 650 Airline Regs  ☐ 660 Occupational Safety/Health  ☐ 690 Other  **Other Statutes**  ☐ 400 State Reapportionment  ☐ 430 Banks & Banking  ☐ 450 Commerce/ICC Rates/etc.  ☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations  ☐ 480 Consumer Credit  ☐ 490 Cable/Satellite TV  ☐ 810 Selective Service  ☐ 850 Securities/Commodities/ Exchange  ☐ 875 Customer Challenge 12 USC 3410  ☐ 900 Appeal of fee determination under equal access to Justice  ☐ 950 Constitutionality of State Statutes  ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act  Ⓕ |

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ I. *FOIA/PRIVACY ACT*<br>☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552 - F.O.I.A.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $    Check YES only if demanded in complaint    JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** N.F.    (See instruction)    ☐ YES ☒ NO    If yes, please complete related case form.

DATE 9-14-07    SIGNATURE OF ATTORNEY OF RECORD    NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.