## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **GLORIA D. YELDER,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1639 (RJL)** |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **DEFENSE, <u>et al.</u>** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### <u>DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, Defendants, the United States Department of Defense ("DoD"), and the Defense Security Service ("DSS")[1] hereby file their motion for summary judgment. Dismissal is required because plaintiff has failed to properly exhaust her administrative remedies as required prior to instituting this action. In addition, because the federal defendants have fully discharged their obligations under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and there are no material issues in dispute, the defendants are hereby entitled to judgment as a matter of law. A statement of material facts and a proposed order accompany this motion.

Plaintiff should take notice that any factual assertions contained in the accompanying

---

[1]Because DSS is a separate agency of the DoD, DoD is the proper defendant in this action. <u>See</u> 5 U.S.C. § 552(a)(4)(B); <u>see also</u> Declaration of Leslie R. Blake ("Blake Decl.") ¶ 2. Defendant Washington Headquarters Service ("WHS") has sought an extension of time to separately address its handling of plaintiff's FOIA request.

affidavit and other attachments in support of defendants' motion will be accepted by the Court as

true unless the plaintiff submits her own affidavit or other documentary evidence contradicting

the assertions in defendants' attachments.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992);  see

also Local Rule 7(h)[2] and Fed. R. Civ. P. 56(e).  Fed. R. Civ. P. 56(e) provides that:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein.  Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be
> attached thereto or served therewith.  The court may permit
> affidavits to be supplemented or opposed by depositions, answers
> to interrogatories, or further affidavits.  When a motion for
> summary judgment is made and supported as provided in this rule,
> an adverse party may not rest upon the mere allegations or denials
> of the adverse party's pleading, but the adverse party's response, by
> affidavits or as otherwise provided in this rule, must set forth
> specific facts showing that there is a genuine issue for trial.  If the
> adverse party does not so respond, summary judgment, if
> appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

/s/ Jeffrey A. Taylor
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/ Michelle N. Johnson
_____

_____

[2]Requiring that oppositions to motions for summary judgment "shall" be accompanied by a "separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement."  LCvR 7(h).

MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANTS

Of Counsel:

Roland Meisner
Assistant General Counsel
Office of General Counsel
Defense Security Service

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GLORIA D. YELDER,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-1639 (RJL)** |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **DEFENSE, <u>et al.</u>** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## <u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

Defendants, the United States Department of Defense ("DoD"), and Defense Security

Service ("DSS")[1] hereby file their motion for dismissal or alternatively for summary judgment.

Dismissal is required because plaintiff has failed to exhaust her administrative remedies prior to

bringing this action. Further, because the federal defendants have fully discharged their

obligations under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and there are no

material issues in dispute, the defendants are hereby entitled to judgment as a matter of law.

## <u>BACKGROUND</u>

Plaintiff, Gloria Yelder, has instituted this action against three named defendants

regarding various requests she submitted pursuant to the FOIA. The facts concerning plaintiff's

---

[1]Because DSS is a separate agency of the DoD, DoD is the proper defendant in this action. <u>See</u> 5 U.S.C. § 552(a)(4)(B); <u>see also</u> Declaration of Leslie R. Blake ("Blake Decl.") ¶ 2. Defendant Washington Headquarters Service ("WHS") has sought an extension of time to separately address its handling of plaintiff's FOIA request.

two FOIA requests that were processed by DSS have been fully set forth in defendants'

Statement of Material Facts as to Which There is No Genuine Issue, attached to this motion.

## ARGUMENT

I.    **Plaintiff Has Failed to Exhaust Her Administrative Remedies.**

A.    **Standard of Review**

Defendants move for dismissal of plaintiff's complaint under Rule 12(b)(6) for failure to

state a claim.  "A FOIA suit is subject to dismissal under Rule 12(b)(6) of the Federal Rules of

Civil Procedure if a plaintiff fails to exhaust his administrative remedies prior to initiating a

lawsuit." Elliot v. United States Dep't of Agriculture, No. Civ.A. 06-240, 2007 WL 1302588, at

*2 (D.D.C. May 2, 2007).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the

legal sufficiency of a complaint.  Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir.

1996).  A complaint may be dismissed for failure to state a claim upon which relief may be

granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support

the relief requested.  Appleton v. United States, 69 F. Supp. 2d. 83, 86 (D.D.C. 1999); Sparrow

v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  A court should dismiss a

complaint for failure to state a claim when the complaint fails "to raise a right to relief above the

speculative level." See, e.g., Bell Atlantic v. Twombly, 1275 S. Ct. 1955, 1956 (2007).  The

court need not, however, accept as true the plaintiff's legal conclusions.  See Taylor v. FDIC, 132

F.3d 753, 762 (D.C. Cir. 1997).  "While in this Circuit, the exhaustion requirement is not

jurisdictional, . . . as a jurisprudential doctrine, failure to exhaust precludes judicial review if the

purposes of exhaustion and the particular administrative scheme support such a bar." Bestor v.

C.I.A., No. Civ.A. 04-2049, 2005 WL 3273723, at *3 (D.D.C. Sept. 1, 2005) (citations and

internal quotation marks omitted).

      **B.    Plaintiff Has Failed to Exhaust Her Administrative Remedies.**

Prior to filing a lawsuit, a FOIA requester is required to fully exhaust her administrative remedies.  Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  A FOIA requester is deemed to have failed to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under the FOIA, including: (1) failure to provide the required proof of identity, Summers v. United States Dep't of Justice, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (2) failure to reasonably describe the records being sought, Gillin v. IRS, 980 F.2d 819, 822-23 (1st Cir. 1992); (3) failure to comply with fee requirements, Trueblood v. United States Dep't of Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996); and (4) **failure to administratively appeal a denial of information**, Oglesby v. United States Dep't of the Army, 920 F.2d 57 (D.C. Cir. 1990) (emphasis added).  Where a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full administrative exhaustion, her lawsuit is subject to immediate dismissal.  Id.

"The statutory scheme in the FOIA specifically provides for an administrative appeal process following an agency's [response to] a FOIA request."  Bestor, 2005 WL 3273723, at *2.  Furthermore, "[c]ourts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts."  Id. (citation and internal quotation marks omitted) (emphasis added).  Here, despite her unsupported assertions in her complaint, Compl. ¶ 12, plaintiff never filed any appeal regarding the two FOIA requests at issue in this case.  Blake Decl. ¶ 7.  Specifically, a search of the DSS FOIA/PA database disclosed no record of the DSS FOIA/PA office having received an appeal from plaintiff in September 2005.

Id.[2]  Had the DSS FOIA/PA office received an appeal letter from plaintiff, DSS would have responded to plaintiff as is its policy.  Id.  Because plaintiff has not filed administrative appeals of the agencies' responses to her respective FOIA requests, dismissal for failure to state a claim is required.  Hinojosa v. Department of Treasury, No. Civ.A. 06-0215, 2006 WL 2927095, at *3 (D.D.C. Oct. 11, 2006) (holding that plaintiffs' "failure to avail themselves of the applicable administrative remedies is fatal to their [FOIA] claims in this Court."); Bestor, 2005 WL 3273723, at *4 (holding that where there was a failure to exhaust, "plaintiff has failed to justify the court's exercise of subject matter jurisdiction in this case, and likewise because plaintiff has failed to state a claim upon which relief can be granted, the defendant's motion to dismiss will be granted.").

## II.     Defendants are Entitled to Summary Judgment.

### A.     Standard of Review

In general, summary judgment is the procedural vehicle by which most FOIA actions are resolved.  See, e.g., Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified.").  While the defendant has the burden of proof on all material issues related to the merits of any claimed FOIA exemptions, summary judgment is to be freely granted where there are no material facts in dispute and the agency is entitled to judgment as a matter of law.  See, e.g., Alyeska Pipeline Serv. v. EPA, 856 F.2d 309, 314 (D.C. Cir. 1988); Hayden v. National Security Agency, 608 F.2d 1381, 1386-87 (D.C. Cir. 1979) (summary judgment appropriate in

---

[2]Notably, while paragraph 12 of the complaint specifically alleges that plaintiff appealed the response to her 2005 request, plaintiff does not contend that she ever filed any administrative appeal concerning her January 21, 2007 request.

FOIA cases on the basis of affidavits).  Under the FOIA, which supplies the applicable substantive legal principles, defendant in this case bears the burden of proving three elements:

> (1)   "**adequacy of the search**" -- that is, the search for responsive documents was adequate;
>
> (2)   "**applicability of exemptions**" -- that is, the information withheld from release falls within an exemption from the FOIA's general requirement that information be released; and
>
> (3)   "**reasonable segregability**" -- that is, the "reasonably segregable," non-exempt information has been disclosed after deletion of the exempt information.

See Public Employees for Environmental Responsibility v. United States Dep't of the Interior, No. Civ.A. 06-182, 2006 WL 3422484, at *8 (D.D.C. Nov. 28, 2006) (holding that agency had "met its summary judgment burden by demonstrating that it fully discharged its FOIA obligations by conducting a reasonable and adequate search for documents, properly invoking applicable FOIA exemptions, and releasing all reasonably segregable factual materials from responsive documents.") (citations omitted).  See also NYC Apparel FZE v. United States Customs & Border Protection, 484 F. Supp. 2d 77, 86 (D.D.C. 2007) ("'[A]gency entitled to summary judgment if no material facts are in dispute and if it demonstrates that each document that falls within the class requested has been produced . . . or is wholly[, or partially] exempt [from disclosure].'") (quoting Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C.Cir. 2001).   In this case, the federal defendants have fully discharged their obligations under the FOIA.

5

**B.      The Agency Conducted a Proper Search for Records.[3]**

In responding to a FOIA request, an agency is under a duty to conduct a good faith search

for responsive records, "using methods which can be reasonably expected to produce the

information requested."  Oglesby v. United States Dep't of Army, 920 F.2d 57, 68 (D.C. Cir.

1990) (citations omitted); Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990); Cleary,

Gottlieb, Steen & Hamilton v. Dep't of Health & Human Services, 844 F. Supp. 770, 776

(D.D.C. 1993).  This "reasonableness" standard focuses on the method of the search, not its

results.  Cleary, Gottlieb, 844 F. Supp. at 777 n.4 (citing Meeropol v. Meese, 790 F.2d 942, 952-

53 (D.C. Cir. 1986)); see also Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994).

The search standards under the FOIA do not require an agency to prove that all responsive

documents have been located.  Nation Magazine v. United States Customs Serv., 71 F.3d 885,

892 n.7 (D.C. Cir. 1995) (citation omitted).  Instead, "the search need only be reasonable; it does

not have to be exhaustive."  Miller v. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985) (citing

Shaw v. Dep't of State, 559 F. Supp. 1053, 1057 (D.D.C. 1983)).  An agency is not required to

search every record system, but need only search those systems in which it believes responsive

records are likely to be located.  Oglesby, 920 F.2d at 68.  Nor is there a requirement that the

search be perfect.  Meeropol, 790 F.2d at 956.  The fundamental question is not "'whether there

might exist any other documents responsive to the request, but rather whether the *search* for

---

[3]In this case, DSS conducted the search for records utilizing DoD's Defense Clearance and Investigative Index ("DCII"), a consolidated listing of files held by investigative components of the Defense Department and the Joint Personnel Adjudication System ("JPAS"), a joint DoD system identifying security clearance adjudicative actions.  Blake Decl. ¶ 4.  DCII/JPAS is a joint DoD system, and therefore DCII listings also reflect other DoD component investigative or adjudicative actions not associated with DSS.  Id.

6

those documents was *adequate*.'" <u>Steinberg</u>, 23 F.3d at 551 (citation omitted). "In demonstrating the adequacy of the search, the agency may rely on reasonably detailed, nonconclusory affidavits submitted in good faith." <u>Weisberg v. Dep't of Justice</u>, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (citations omitted).

In this case, DSS utilized DoD's Defense Clearance and Investigative Index ("DCII"), a consolidated listing of files held by investigative components of the Defense Department and the Joint Personnel Adjudication System ("JPAS"), a joint DoD system identifying security clearance adjudicative actions. Blake Decl. ¶ 4. The DCII and JPAS are searched by the individual's full name and social security number. <u>Id.</u> Upon receipt of a FOIA/PA request, the request is logged into the DSS FOIA/PA database by the individual's name, the date the request was received, and the nature of the request. <u>Id.</u> The DCII/JPAS and other necessary indices are then searched by the individual's name and social security number to determine if DSS maintains an investigative or administrative file concerning the individual. <u>Id.</u> Should DCII/JPAS or one of the other automated record systems identify a file, the file is ordered from the appropriate office or DSS records repository. <u>Id.</u> Upon completion of a FOIA/PA action, the database is annotated with the date the case was closed and the FOIA/PA exemptions claimed, if information was withheld from the requester. <u>Id.</u>

In response to plaintiff's 2005 FOIA request, a search of the automated indices to DSS' central records system files located no IG, EEO, Office of Security, or Administrative Inquiry files pertaining to plaintiff. Blake Decl., Ex. 2. In its response to plaintiff, DSS explained that IG, Security, and Administrative Inquiry files are only retained for 5 years from the date of the last action. <u>Id.</u> Further, agency EEO files are only retained for four years from the date the last

7

action closed.  Id.  Thus, the only records that were located regarding plaintiff were her Personnel

Security Investigative files, which had been previously released to plaintiff in November, 1998.

Id.  However, as "FOIA is only directed at requiring agencies to disclose those 'agency records'

for which they have chosen to retain possession or control . . ." and does "not obligate agencies

to create or retain documents . . . ." the fact that certain records had not been retained by DSS

does not violate the FOIA.  See Canning v. United States Dep't of Defense, 499 F. Supp. 2d 14,

23 (D.D.C. 2007) (internal quotation marks and citations omitted).

      Concerning the 2007 request, DSS located and provided to plaintiff a copy of plaintiff's

JPAS records that reflected that her security clearance was revoked in 1998 by WHS and a copy

of plaintiff's 1996 Periodic Reinvestigation (Case # 96192-DXC-1817-1E3).  Blake Decl., Ex. 4.

The searches conducted in this case were reasonable and revealed the pertinent documents

responsive to plaintiff's requests.

      **C.**    **Plaintiff Has Been Provided With Full Copies of the Records She Sought and
No Information was Withheld.**

      In response to plaintiff's July, 2005 request, DSS responded to plaintiff in a letter dated

August 11, 2005, and indicated that the only records that were located regarding plaintiff were

her Personnel Security Investigative files, which had been previously released to plaintiff in

November, 1998.  Blake Decl., Ex. 2.  Concerning her 2007 request that was referred to DSS by

WHS, by letter dated June 7, 2007, DSS provided plaintiff with copies of all DSS documents

pertaining to her.  Blake Decl. ¶ 6; Ex. 4 (Letter to plaintiff dated June 7, 2007).  These

documents included, but were not limited to, a copy of plaintiff's JPAS records that reflected that

her security clearance was revoked in 1998 by WHS and a copy of plaintiff's 1996 Periodic

Reinvestigation (Case # 96192-DXC-1817-1E3).  Ex. 4.  **Nothing was withheld from this production.**  Id.  While paragraph 17 of plaintiff's complaint alleges that plaintiff, by letter dated March 2007, again requested from DSS a copy of all documents regarding her security clearance revocation, Compl. ¶ 17, a search of DSS FOIA/PA records disclosed no record of a March 2007 FOIA request from plaintiff to DSS.  Blake Decl. ¶ 9.  It should be noted, however, that as it regards plaintiff's January 21, 2007 request to WHS, WHS notified plaintiff that it was referring a portion of plaintiff's request to DSS.  Id.; see also Blake Decl., Ex. 5.

Plaintiff contends that DSS provided plaintiff with a copy of the investigation that had previously been provided "and failed to provide a copy of the second periodic re-investigation which was used by Washington Headquarters and the agency as a basis for the decision to revoke her security clearance and terminate her employment."  Compl. ¶ 18.  Based on a review of DSS FOIA/PA records and record searches in DCII, DSS is unable to discern what is meant by plaintiff's reference to a "second periodic re-investigation."  Blake Decl. ¶ 10.  Exhibit 4, which is DSS' response to plaintiff's January 21, 2007 letter referred to DSS by WHS, clearly reflects the investigation disclosed to plaintiff was plaintiff's 1996 periodic reinvestigation ("PR"), case number 96192-DXC-1817-1E3.  Id.  Although the case control number ("CCN") on the first page of the document is difficult to read, the first page of the DD Form 1879 in the "For DIS USE ONLY" section clearly indicates the CCN as 96192-DXC-1817-1E3.  Blake Decl., Ex. 4. Plaintiff's reference to a "1b3" case and "O changed to C" appears to be from a typo on the report of investigation by the investigative agent, which, to DSS' knowledge, had previously been explained to plaintiff on more than one occasion.  Blake Decl. ¶ 10.  PR #96192-DXC-1817-1E3

is the only PR case DSS maintains on plaintiff.  Id.[4]

By letter dated June 7, 2007, DSS again furnished plaintiff with a copy of

plaintiff's 1996 PR, the only PR DSS conducted on plaintiff.  Id. ¶ 11.  No information was

withheld.  Blake Decl., Ex. 4.  Plaintiff has received all the documents responsive to her requests

and therefore summary judgment is warranted.

Respectfully submitted,


_____
                    /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____
                 /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney



_____
                 /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
            United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANTS

_____

[4]Notably, in a letter dated November 23, 1998, DSS provided plaintiff with all releasable
portions of her Personnel Security Investigative ("PSI"), IG, Employee Relations ("ER"), EEO
and Office of Security file.  Blake Decl. ¶ 11; Ex. 6 (Letter to plaintiff dated November 23,
1998).  In accordance with FOIA/PA requirements, plaintiff was provided with her appeal rights
for those portions of the records that may have been withheld pursuant to applicable FOIA/PA
exemptions.  Id.  By letter dated March 26, 1999, DSS responded to plaintiff's December 1998
appeal and plaintiff was advised of plaintiff's rights to seek judicial review if plaintiff was
dissatisfied with the Director's decision.  Ex. 7 (Letter to plaintiff dated March 26, 1999).
Plaintiff never filed a FOIA action challenging these withholdings.  Blake Decl. ¶ 11.

Of counsel:

Roland Meisner
Assistant General Counsel
Office of General Counsel
Defense Security Service

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Four Remaining Federal Defendants' Motion to

Dismiss, or in the Alternative, for Summary Judgment and the accompanying exhibits was

mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Gloria D. Yelder, <u>pro se</u>
1807 Eufaula Avenue
Birmingham, AL 35208


on this 19th  day of November, 2007.


/s/

_____
MICHELLE N. JOHNSON

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GLORIA D. YELDER,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )      **Civil Action No. 07-1639 (RJL)** |
| | ) |
| **UNITED STATES DEPARTMENT OF** | ) |
| **DEFENSE, <u>et al.</u>** | ) |
| | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## <u>DEFENDANTS'[1] STATEMENT OF MATERIAL FACTS</u>
## <u>AS TO WHICH THERE IS NO GENUINE ISSUE</u>

Pursuant to LCvR 56.1 and 7(h), defendants respectfully submit this statement of material facts as to which there is no genuine issue in support of their motion for dismissal or, alternatively, summary judgment.

1.  The Defense Security Service ("DSS") is a separate agency of the Department of Defense ("DoD") and operates under the direction, authority, and control of the Under Secretary of Defense (Intelligence).   Declaration of Leslie R. Blake ("Blake Decl.") ¶ 2.

2.  DSS was established by the Secretary of Defense effective January 1, 1972, and was responsible for two major defense programs.  <u>Id.</u> ¶ 3.  First, DSS conducted all personnel security investigations for DoD components and agencies, and when authorized, also conducted

---

[1] The proper defendant in this action is the DoD because DSS is a separate agency of the DoD.  <u>See</u> 5 U.S.C. § 552(a)(4)(B); <u>see also</u> Declaration of Leslie R. Blake ("Blake Decl.") ¶ 2. Defendant Washington Headquarters Service ("WHS") has sought an extension of time to separately address its handling of plaintiff's FOIA request.

investigations for other U.S. Government activities.  Id.  Second, DSS is responsible for the

Defense Industrial Security Program for Safeguarding Classified Information.  Id.  In February

2005, the personnel security function of the agency was transferred outside DoD to the U.S.

Office of Personnel Management.  Id.

**DSS' Search for Records**

3.      In conducting a search for investigative material responsive to a Freedom of Information

Act ("FOIA")/Privacy Act ("PA") request, DSS utilizes DoD's Defense Clearance and

Investigative Index ("DCII"), a consolidated listing of files held by investigative components of

the Defense Department and the Joint Personnel Adjudication System ("JPAS"), a joint DoD

system identifying security clearance adjudicative actions.  Id. ¶ 4.  The DCII and JPAS are

searched by the individual's full name and social security number.  Id.

4.      DSS file listings are retained in the DCII and JPAS by DSS for 15 to 25 years from the

date of the last investigation or adjudication.  Id.  Accordingly, any individual who has been the

subject of a DSS investigation in the past 15 to 25 years would be identified.  Id.  Once the index

identifies an individual as having a DSS investigation with a dossier, a copy of that document or

dossier can be ordered from the DSS records repository.  Id.  Favorable non-field investigations

such as electronic National Agency Checks ("NACs") for lower level clearances do not contain

paper files so the DCII only reflects the fact that a NAC was completed and the date of

completion.  Id.  DCII/JPAS is a joint DoD system so DCII listings could also reflect other DoD

component investigative or adjudicative actions not associated with DSS.  Id.  Depending on the

request, the DSS FOIA/PA office can also search automated indices maintained by individual

offices within the agency, i.e., DSS Inspector General or EEO databases.  Id.

2

5.      DSS maintains two separate Branch Offices for processing FOIA/PA requests.  Id. ¶ 5.

The PA branch located in Linthicum, Maryland, generally processes requests submitted under the

PA for DSS investigative records.  Id.  The DSS Headquarters ("DSS HQ") office located in

Alexandria, Virginia, generally processes all requests submitted under the FOIA for

documents/records other than investigative material.  Id.  Notwithstanding, the DSS HQ FOIA

office will assist in processing PA requests when needed and also handles all FOIA/PA requests

concerning amendments and appeals.  Id.

6.      Upon receipt of a FOIA/PA request, the request is logged into the DSS FOIA/PA

database by the individual's name, the date the request was received, and the nature of the

request.  Id.  The DCII/JPAS and other necessary indices are then searched by the individual's

name and social security number to determine if DSS maintains an investigative or

administrative file concerning the individual.  Id.  Should DCII/JPAS or one of the other

automated record systems identify a file, the file is ordered from the appropriate office or DSS

records repository.  Id.  Upon completion of a FOIA/PA action, the database is annotated with the

date the case was closed and the FOIA/PA exemptions claimed, if information was withheld

from the requester.  Id.  Closed FOIA/PA files are stored in the respective Branch Office for a

period of 5 yeas from the date the case was closed.  Id.  After 5 years, the files are purged and

destroyed.  Id.  If the individual requester is determined to be a frequent requester, some portion

of the requester's prior FOIA/PA actions may be incorporated into the requester's most current

FOIA/PA file.  Id.

**Plaintiff's FOIA Requests**

**The July 2005 Request**

7.      Upon receipt of plaintiff's complaint in this action, the DSS FOIA/PA office searched the

FOIA/PA database under plaintiff's name and located two FOIA cases filed by plaintiff within

the past 5 years.  Id. ¶ 6.  FOIA Case Number 134-25 is a July 5, 2005 facsimile from plaintiff to

DSS attorney Roland Meisner requesting documents pertaining to herself.  Id.; Blake Decl., Ex. 1

(Facsimile from plaintiff dated July 5, 2005).  Specifically plaintiff requested: three periodic case

reinvestigation files; her 1996 polygraph examination; the Inspector General ("IG") investigative

file; the administrative inquiries; the complete EEO investigation completed by James Pearce;

and EEO investigation file DSS-98-042-41-R.  Blake Decl., Ex. 1.

8.      By letter dated August 11, 2005, DSS responded to plaintiff and indicated that a search of

the automated indices to DSS' central records system files located no IG, EEO, Office of

Security, or Administrative Inquiry files pertaining to plaintiff.  Blake Decl., Ex. 2.  The letter

explained that IG, Security, and Administrative Inquiry files are only retained for 5 years from

the date of the last action.  Id.  Further, agency EEO files are only retained for four years from the

date the last action closed.  Id.  Thus, the only records that were located regarding plaintiff were

her Personnel Security Investigative files, which had been previously released to plaintiff in

November, 1998.  Id.

9.      Paragraph 10 of plaintiff's complaint states that she requested documents by letter dated

August 2005.  Complaint ("Compl.") ¶ 10.  A search of DSS' FOIA/PA database disclosed no

request from plaintiff dated August 2005.  Blake Decl. ¶ 6.  DSS does have record of plaintiff's

July 2005 request.  Id.; Ex. 1.

4

10.     In paragraph 11 of plaintiff's complaint, plaintiff states that by letter dated September 6, 2005, DSS informed plaintiff that it had located no documents responsive to her request and that plaintiff could appeal the decision to the Director of DSS.  Compl. ¶ 11.  A search of DSS FOIA/PA records disclosed no record of a response letter dated September 6, 2005.  Blake Decl. ¶ 6.  Exhibit 2 reflects that DSS' response letter to plaintiff was dated August 11, 2005, not September 2005.  Id.; Ex. 2.  Furthermore, the August 11, 2005 response indicated that plaintiff's Personnel Security Investigative files had been located, and that those records had been previously released to plaintiff in November, 1998.  Ex. 2.

11.     Paragraph 12 of plaintiff's complaint asserts that plaintiff appealed the decision to the Director of DSS and received no response.  Compl. ¶ 12.  A search of the DSS FOIA/PA database disclosed no record of the DSS FOIA/PA office having received an appeal from plaintiff in September 2005.  Blake Decl. ¶ 7.  Had the DSS FOIA/PA office received an appeal letter from plaintiff, DSS would have responded to plaintiff as is its policy.  Id.

**The 2007 Request**

12.     By letter dated February 6, 2007, WHS referred a subsequent FOIA request from plaintiff to DSS.  Blake Decl. ¶ 6; Blake Decl., Ex. 3 (Letter to plaintiff dated February 6, 2007).  Plaintiff was notified that a portion of her request was being referred to DSS.  Id.[2]

13.     By letter dated June 7, 2007, DSS provided plaintiff with copies of all DSS documents pertaining to her.  Blake Decl. ¶ 6; Blake Decl., Ex. 4 (Letter to plaintiff dated June 7, 2007).  These documents included, but were not limited to, a copy of plaintiff's JPAS record that

---

[2]WHS will file a separate motion addressing its processing of the remainder of plaintiff's FOIA request.

reflected that her security clearance was revoked in 1998 by WHS and a copy of plaintiff's 1996 Periodic Reinvestigation (Case # 96192-DXC-1817-1E3). Blake Decl. Ex. 4. Nothing was withheld from this production. Id. The letter further noted that this production was the third time since 1998 that DSS had disclosed this same information to plaintiff and/or her attorney and that further copies would not be provided unless plaintiff could demonstrate a valid reason for needing another copy. Id.

14.     Paragraphs 13 and 14 of plaintiff's complaint indicate that plaintiff sent a subsequent request to DSS for documents by letter dated January 21, 2007, and had received no response. Blake Decl. ¶ 8. A search of DSS FOIA/PA records located no request to DSS from plaintiff dated January 21, 2007. Id. DSS FOIA/PA records do indicate that plaintiff submitted a letter to WHS dated January 21, 2007. Blake Decl., Ex. 5 (Letter from plaintiff dated January 21, 2007). WHS in turn referred plaintiff's request to DSS, which was received by DSS on February 9, 2007. Blake Decl. ¶ 8. By letter dated June 7, 2007, DSS responded to plaintiff's January 21, 2007 letter to WHS and again provided plaintiff with a copy of all investigative documents maintained by DSS pertaining to plaintiff. Blake Decl., Ex. 4

15.     Paragraph 17 of plaintiff's complaint alleges that plaintiff, by letter dated March 2007, again requested from DSS a copy of all documents regarding her security clearance revocation. Compl. ¶ 17. A search of DSS FOIA/PA records disclosed no record of a March 2007 FOIA request from plaintiff to DSS. Blake Decl. ¶ 9. It should be noted, however, that as it regards plaintiff's January 21, 2007 request to WHS, WHS notified plaintiff that it was referring a portion of plaintiff's request to DSS. Id.; see also Blake Decl., Ex. 5.

16.     In paragraph 18 of her complaint, plaintiff contends that DSS provided plaintiff with a

6

copy of the investigation that had previously been provided "and failed to provide a copy of the second periodic re-investigation which was used by Washington Headquarters and the agency as a basis for the decision to revoke her security clearance and terminate her employment." Compl. ¶ 18.  Based on a review of DSS FOIA/PA records and record searches in DCII, DSS is unable to discern what is meant by plaintiff's reference to a "second periodic re-investigation."  Blake Decl. ¶ 10.  Exhibit 4, which is DSS' response to plaintiff's January 21, 2007 letter referred to DSS by WHS, clearly reflects the investigation disclosed to plaintiff was plaintiff's 1996 periodic reinvestigation ("PR"), case number 96192-DXC-1817-1E3.  Id.  Although the case control number ("CCN") on the first page of the document is difficult to read, the first page of the DD Form 1879 in the "For DIS USE ONLY" section clearly indicates the CCN as 96192-DXC-1817-1E3.  Blake Decl., Ex. 4.  Plaintiff's reference to a "1b3" case and "O changed to C" appears to be from a typo on the report of investigation by the investigative agent, which, to DSS' knowledge, had previously been explained to plaintiff on more than one occasion.  Blake Decl. ¶ 10.  PR #96192-DXC-1817-1E3 is the only PR case DSS maintains on plaintiff.  Id.

17.    Notably, in a letter dated November 23, 1998, DSS provided plaintiff with all releasable portions of her Personnel Security Investigative ("PSI"), IG, Employee Relations ("ER"), EEO and Office of Security files.  Id. ¶ 11; Ex. 6 (Letter to plaintiff dated November 23, 1998).  In accordance with FOIA/PA requirements, plaintiff was provided with her appeal rights for those portions of the records that may have been withheld pursuant to FIA/PA exemptions.  Id.

18.    By letter dated March 26, 1999, DSS responded to plaintiff's December 1998 appeal and plaintiff was advised of plaintiff's rights to seek judicial review if plaintiff was dissatisfied with the Director's decision.  Ex. 7 (Letter to plaintiff dated March 26, 1999).  No such FOIA/PA

litigation was filed by plaintiff.  Blake Decl. ¶ 11.

19.     DSS, by letter dated June 7, 2007, again furnished plaintiff with a copy of plaintiff's 1996

PR, the only PR DSS conducted on plaintiff.  Id.

Respectfully submitted,

      /s/ Jeffrey A. Taylor
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

      /s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

      /s/ Michelle N. Johnson
_____
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANTS


Of counsel:

Roland Meisner
Assistant General Counsel
Office of General Counsel
Defense Security Service

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **GLORIA D. YELDER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1639 (RJL)** |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **DEFENSE, <u>et al.</u>** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>PROPOSED ORDER</u>

This matter having come before the Court on the motion of defendants United States

Department of Defense ("DoD") and Defense Security Service ("DSS"), for dismissal, or in the

alternative, for summary judgment, plaintiff's opposition, if any, and defendants' reply, if any, it

is hereby

**ORDERED** that defendants' motion for dismissal, or alternatively, for summary

judgment, is hereby **GRANTED**.  It is further

**ORDERED** that the complaint is hereby dismissed with prejudice as it pertains to

defendants DoD and DSS.

**SO ORDERED** on this _____ day of _____, 200__.


_____
RICHARD J. LEON
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

GLORIA D. YELDER,       )
                              )
          Plaintiff     )
                              )    Civil Action No: 1:07-CV-01639
      v.                 )
                              )
UNITED STATES DEPARTMENT )
OF DEFENSE,            )
ROBERT M. GATES,      )
Secretary of Defense       )
1000Defense Pentagon     )
Washington, DC 20301-1000  )
                              )
And                      )
                              )
DEFENSE SECURITY SERVICE )
1340 Braddock Place,     )
Alexandria, VA 22314-1651   )
                              )
And                      )
                              )
WASHINGTON HEADQUARTERS )
SERVICE                   )
1155 Defense Pentagon     )
Washington, D.C. 20301-1155 )
                              )
         Defendants.   )
                              )

## DECLARATION OF LESLIE R. BLAKE

I, Leslie R. Blake, declare the following to be true and correct.

1.     I am the Chief of the Office of Freedom of Information and Privacy (FOIA/PA) for the Defense

Security Service.  In this capacity, I am responsible for the management of the DSS FOIA/PA Program

-1-

1    and its assigned resources. I have held this position since November 1996 and am familiar with its

2    operations.

3

4    2.      As an organization, DSS is a separate agency of the Department of Defense (DoD) operating

5    under the direction, authority, and control of the Under Secretary of Defense (Intelligence).

6

7    3.      DSS was established by the Secretary of Defense effective January 1, 1972, and was responsible

8    for two major defense programs. First, DSS conducted all personnel security investigations for

9    Department of Defense components and agencies, and when authorized, also conducted investigations for

10    other U.S. Government activities. Second, DSS is responsible for the Defense Industrial Security

11    Program for Safeguarding Classified Information. In February of 2005 the Personnel Security

12    Investigative function of the agency was transferred outside DOD to the U.S. Office of Personnel

13    Management.

14

15    4.      I have received and reviewed plaintiffs' complaint with respect to DSS' failure to provide

16    plaintiff with information requested under the Freedom of Information and Privacy Act(s).

17

18        The DSS method of searching for investigative material responsive to a FOIA/PA request

19    involves the use of DOD's Defense Clearance and Investigative Index (DCII), a consolidated listing of

20    files held by investigative components of the Defense Department and the Joint Personnel Adjudication

21    System (JPAS), a joint DoD system identifying security clearance adjudicative actions. The DCII and

22    JPAS are searched by the individual's full name and Social Security Number. DSS file listings are

23    retained in the DCII and JPAS by DSS for 15 to 25 years from the date of the last investigation or

24    adjudication. Accordingly, any individual who has been investigated by DSS in the past 15 to 25 years

25    would be identified. Once the Index identifies an individual as having a DSS investigation with a

26    dossier, a copy of that document/dossier can be ordered from the DSS records repository. Favorable non

27    field investigations such as electronic National Agency Checks (NAC'S) for lower level clearances do not

28    contain paper files so the DCII only reflects the fact that a NAC was completed and the date of

29    completion. DCII/JPAS is also a Joint DOD system so DCII listings could reflect other DOD Component

30    investigative or adjudicative actions not associated with DSS. Depending on what is being requested, the

DSS FOIA/PA Office can also search automated indices maintained by individual offices within the agency, i.e., DSS Inspector General or EEO databases.

5.    DSS maintains two separate Branch Offices for processing FOIA/PA request. The Privacy Act (PA) Branch located in Linthicum, Maryland generally processes requests submitted under the PA for DSS investigative records. The DSSHQ office located in Alexandria, Virginia generally processes all requests submitted under the Freedom of Information Act (FOIA) for documents/records on other than investigative material. Notwithstanding, the DSSHQ FOIA Office will assist in the processing of PA requests when needed and also handles all FOIA/PA requests for amendments and appeals. Upon receipt of a FOIA/PA request, the request is logged into the DSS FOIA/PA database by the individual's name, date the request was received, and the nature of what the requester is seeking. The DCII/JAPS and other necessary indices are then searched by the individual's name and SSN to determine if DSS maintains an investigative or administrative file. Should DCII/JAPS or one of the other automated record systems identify a file, the file is ordered from the appropriate office or DSS records repository. Upon completion of a FOIA/PA action, the database is annotated with the date the case was closed and the FOIA/PA Exemptions claimed, if information was withheld from the requester. Closed FOIA/PA files are stored in the respective Branch Office for a period of 5 years from case closure date annotated in the FOIA/PA database. After 5 years the files are purged and destroyed. If the individual requester is determined to be a frequent requester, some portions of the requester's prior FOIA/PA actions may be incorporated into the requester's most current FOIA/PA file.

6.    Up receipt of plaintiffs' complaint, the DSS FOIA/PA Office searched the FOIA/PA database under plaintiffs' name and located two FOIA cases filed by plaintiff within the past 5 years. FOIA Case # 134-25 (Exhibit 1) is a July 5, 2005, facsimile from plaintiff to DSS attorney, Mr. Roland Meisner, requesting specific DSS documents. By letter dated August 11, 2005, (Exhibit 2) DSS responded to plaintiff indicating DSS no longer maintained some of the records plaintiff was requesting and that DSS had previously provided plaintiff the other requested documents in November of 1998. FOIA Case # 232-27 (Exhibit 3), is a February 6, 2007, referral from Washington Headquarters Service (WHS) requesting DSS respond directly to plaintiffs' request for documents pertaining to plaintiffs' security clearance and DSS investigation. By letter dated June 7, 2007, (Exhibit 4) DSS responded to plaintiffs'

-3-

1  request and again provided plaintiff with a copy of all investigative documents maintained by DSS
2  pertaining to plaintiff.

3

4  6.      Paragraph number 10 of plaintiffs' current complaint states that by letter dated August 2005,
5  plaintiff requested from DSS a copy of all documents.  A search of DSSs' FOIA/PA database disclosed
6  no request from plaintiff dated August 2005.  DSS does however have a request from plaintiff dated July
7  5, 2005 which is the appended Exhibit 1.  In paragraph number 11 of plaintiffs' complaint, plaintiff states
8  that by letter dated September 6, 2005, DSS informed plaintiff that it had located no documents
9  responsive to her request and that plaintiff could appeal the decision to the Director, DSS.  A search of
10 DSS FOIA/PA records disclosed no records of a response letter to plaintiff dated September 6, 2005.
11 Exhibit 2 reflects that DSSs' response letter to plaintiff was dated August 11, 2005, not September 2005
12 as plaintiff claims.

13

14 7.      In paragraph number 12 plaintiff states that by letter dated September 2005, plaintiff appealed the
15 decision to the Director, DSS and did not receive a response.  A search of the DSS FOIA/PA database
16 disclosed no record of the DSS FOIA/PA Office having received an appeal from plaintiff dated
17 September 2005.  Had the DSS FOIA/PA Office received an appeal letter from plaintiff, DSS, would
18 have responded to plaintiff, as is our policy.   It should also be noted that DSS received no record of a
19 complaint/court action from plaintiff regarding a lack of response by DSS to plaintiffs' claimed
20 September 2005 appeal letter.

21

22 8.      Plaintiff indicates in paragraphs 13 and 14 that by letter dated January 21, 2007, plaintiff sent a
23 subsequent request to DSS for documents, and has not yet received a response from DSS.  A search of
24 DSS FOIA/PA records located no request to DSS from plaintiff dated January 21, 2007.  DSS FOIA/PA
25 records (Exhibit 5) do however indicated that plaintiff submitted a letter dated January 21, 2007, to WHS
26 requesting records.  WHS in turn referred plaintiffs' request to DSS which was received by DSS on
27 February 9, 2007.  By letter dated June 7, 2007 (See Exhibit 4) DSS responded to plaintiff's January 21,
28 2007, letter to WHS and again provided plaintiff will a copy of all investigative documents maintained by
29 DSS pertaining to plaintiff.

30

9.      Paragraph number 17 of plaintiffs' complaint indicates that plaintiff, by letter dated March 2007, again requested from DSS a copy of all documents material to her security clearance revocation. Again, a search of DSS FOIA/PA records disclosed no record of a March 2007 FOIA request from plaintiff to DSS. It should be noted that in Exhibit 5 WHS informed plaintiff that WHS was sending to DSS plaintiff's January 21, 2007, request for records.

10.     Paragraph number 18 in plaintiffs' complaint states; "DSS, through a request from WHS, by letter dated June 7, 2007, again provided plaintiff with a copy of her investigation, CCN 96192-DXO-1817-1b3, "O changed to C" with ink and not CCN 96192-DXC-1817-1E3 which had previously been provided and failed to provide a copy of the second periodic reinvestigation which was used by Washington Headquarters and the agency as a basis for the decision to revoke her security clearance and terminate her employment". Based on a review of DSS FOIA/PA records and record searches in DCII, I do not agree with plaintiffs' claims nor do I fully understand what plaintiff is trying to communicate with respect to a "second Periodic Reinvestigation." Exhibit 4 which is DSSs' response to plaintiffs' January 21, 2007, letter referred to DSS by WHS clearly reflects the investigation disclosed to plaintiff was plaintiff's 1996 Periodic Reinvestigation (PR), Case number 96192-DXC-1817-1E3. Although the Case Control Number (CCN) on the first page of the document (Warning page) is difficult to read, the first page of the DD Form 1879 in the "FOR DIS USE ONLY" section clearly indicates the CCN as 96192 DXC 1817 1E3. Plaintiffs' references to a "1b3" case and "O changed to C" appears to be from a typo on the report of investigation by the investigative agent, which to the best of my knowledge had been previously explained to plaintiff on more than one occasion. PR# 96192-DXC-1817-1E3 is the only PR case DSS maintains on plaintiff.

11.     In paragraph number 23, plaintiff claims that after years of request and inquires, the Defendants have failed to provide plaintiff with the information she has requested. Speaking for DSS only, I feel DSSs' search for responsive records to plaintiffs' request and the information provided to plaintiff was adequate to satisfy our agency's obligation under the Freedom of Information and Privacy Act(s). Beginning in 1998, DSS in a letter dated November 23, 1998 (Exhibit 6), provided to plaintiff all releasable portions of plaintiff's Personnel Security Investigative (PSI), Inspector General (IG) Employee Relations (ER), EEO, and Office of Security file. In accordance with FOIA/PA requirements, plaintiff was provided with her appeal rights for those portions of the records which may have been withheld

1   pursuant to certain FOIA/PA Exemptions. By letter dated March 26, 1999 (Exhibit 7), DSS responded to

2   plaintiffs' December 1998 appeal and plaintiff was advised of plaintiffs' rights to seek judicial review if

3   plaintiff was dissatisfied with the Directors' decision. No such FOIA/PA litigation was filed by plaintiff.

4   Again in June of 2007, by letter dated June 7, 2007 (Exhibit 4), DSS again furnished plaintiff with a copy

5   of plaintiffs' 1996 Periodic Reinvestigation (PR), the only PR DSS conducted on plaintiff.

6

7

8   12.       Pursuant to 28 U.S.C. Sec. 1746, I declare under the penalty of perjury that the foregoing is true

9   and correct.

10

11

12

13

14

15                              LESLIE R. BLAKE

16                              Chief, FOIA/PA

17                              Defense Security Service

18

19                              Date: 10/29/07

20

21

22

23

24

25

26

27

28

29

30

'34-25

# ROBERT SIMMS THOMPSON, P.C.
## ATTORNEY & COUNSELOR AT LAW
### 308 NORTH ELM STREET
### TUSKEGEE, ALABAMA  36083

Telecopier Number: (334) 727-5746
Telephone Numbers: (334) 727-6463 or (888) 727-6463

TO: (ATTENTION) _Mr. Minoyan_

TELEFAX NUMBER: _703 - 325 - 5991_

RE: _____

_____

DATE: _____ TIME _____ a.m. or p.m.

NO. OF PAGES: _____ (including cover page)

ORIGINAL DOCUMENT BEING TRANSMITTED:

_____    Will not be sent

_____    Will be sent by regular mail

Message:

---

## CONFIDENTIALITY NOTICE

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY
PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE
INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE
INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO
THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF
YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY
ME BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO ME AT THE ABOVE
ADDRESS VIA THE U.S. POSTAL SERVICE.  THANK YOU.

# Exhibit 1



Gloria D. Yelder
1807 Eufaula Avenue
Birmingham, AL 35208
(205) 781-3454

TO: (ATTENTION) _Mr. Minoryner_

TELEFAX NUMBER: _703-325-5991_

RE: _____

DATE: _7-5-05_

TIME _____ a.m. or p.m.

NO. OF PAGES: _3 (three)_  (including cover page)

ORIGINAL DOCUMENT BEING TRANSMITTED:

_____  Will not be sent

_____  Will be sent by regular mail

**Message:**

| |
| --- |
| |
| |
| |
| |
| |

CONFIDENTIALITY NOTICE

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY
PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE
INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE
INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO
THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF
YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY
ME BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO ME AT THE ABOVE
ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

July 5, 2005


Gloria Dean Yelder
1807 Eufaula Avenue
Birmingham, Alabama 352-8
(205) 781-3454
(205) 324-0791

Mr., Mizer
Department of Defense
Defense Security Service
Alexandria, VirginiaFax-703-325-5991

Dear Mr. Mizer:

This is my request for the records we talked about on the telephone at mediation. Please
send copies of the records as soon as possible.

Thanks in advance for your immediate response. If you need any additional information,
please contact me at the following address.

Regards,

Gloria D. Yelder

July 5, 2005

This is my request under the Freedom of Information Act for records pertaining to me,

Gloria Dean Yelder, ███████████, while I was a special agent with the Department

of Defense, Defense Security Service.

I am requesting the accurate, complete, true and unsanitized copies of the following
records including

all attachments:

1. Periodic Reinvestigations--Case Control Number, (CNN)

   CCN 96192-DXC-1817-1E3

   CCN 96192-DXO-1817-1b3  "0" changed to "C"

   CCN 96192-DXO-1817-1E3

2. The 1996 Polygraph Examination

3. The Inspector General, (IG), Investigation Case Number OIG95-098

4. The Administrative Inquires

5. The complete EEO Investigation by James Pearce, Case number ATL99DIO283E

6. EEO Investigation DSS-98-042-41-R

Signed: *Gloria Dean Yelder*

Gloria Dean Yelder

Date: 7-5-05

Witness: *R. M. Howard*   Date: 7-5-05

Witness: *Flora L. Blackledge*   Date: 7-5-05



**DEFENSE SECURITY SERVICE**
1340 BRADDOCK PLACE
ALEXANDRIA, VA 22314-1651

Ms. Gloria D. Yelder
1807 Eufaula Avenue
Birmingham, Alabama 35208

AUG 1 1 2005

RE: FOIA# 134-25

Dear Ms. Yelder:

This is in response to your fax dated July 5, 2005, requesting, pursuant to the Freedom of Information Act, access to Defense Security Service (DSS) information pertaining to yourself. Specifically, you had requested your DSS background investigation, Inspector General Investigation (#OIG95-098), Administrative Inquiry, and EEO Investigation records by a James Pearce and DSS (DSS-98-042-41-R).

Based on the information furnished, a search of the automated indices to our central records system files at DSS located no Inspector General (IG), EEO, Office of Security, or Administrative Inquiry files pertaining to you. Inspector General, Security, and Administrative Inquiry (AI) files are only retained for 5 years from the date of the last action. Agency EEO files are only retained for four years from the date the last action closed. Accordingly, the only records located identifiable with you are your Personnel Security Investigative files, which were previously release to you by this office in November 1998.

Should you wish this agency to furnish you with a second copy, please contact this office via email (leslie.blake@dss.mil) with your request. I would however like to point out that due to a very heavy workload and limited resources, it may take well over a year to respond to your request. If however you can demonstrate to this office a compelling need for the information, DSS may consider expedited processing. I have enclosed for your information a document identifying what constitutes a compelling need.

Although no records pertaining to EEO, Security, IG, and AI were located in our automated indices or via searches in their respective offices, we are required to inform you that you are entitled to file an administrative appeal if you so desire. Appeals should be directed in writing to the Director, DSS, Attn: FOIA Appeal, 1340 Braddock Place, Alexandria, VA 22314-1651.

Should you have any questions concerning this response, please feel free to contact my office at (703) 325-9450.

Sincerely,

LESLIE R. BLAKE
Chief, FOIA/PA

Enclosure

**Exhibit 2**



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

FEB 0 C 2007

Ref: 07-FP-0075



MEMORANDUM FOR DEFENSE SECURITY SERVICE
1340 BRADDOCK PLACE
ALEXANDRIA, VA 22314-1651

SUBJECT: Freedom of Information/Privacy Act (FOIA/PA) Request – Ms. Gloria D. Yelder

Attached is a two page request for records, if they exist, which may be under the purview of Defense Security Service. This FOIA/PA request concerns the revoking of Gloria D. Yelder's security clearance and her termination. Accordingly, we are referring it to your office for direct response to the requester. Also, the Washington Headquarters Service, Human Resources office is searching their files for responsive documents. The requester has been notified of this action.

A copy of the requester's initial letter and a copy of the interim response sent to her from this office are attached for your information. If you have any questions regarding this matter, please contact Angela Campagna at (703) 696-2641 or angela.campagna.ctr@whs.mil.



Will Kammer
Chief

Attachment:
As stated

**Exhibit 3**

**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

FEB 0 6 2007

Ref: 07-FP-0075

Ms. Gloria D. Yelder
1807 Eufaula Avenue
Birmingham, AL 35208

Dear Ms. Yelder:

This is in an interim response to your January 21, 2007, Freedom of Information/Privacy Act (FOIA/PA) request seeking "all information pertaining to my security clearance, including Periodic Reinvestigation, (PR), Case Control Number 96192 DXC-1817-1E3, as well as any investigations or information pertaining to my security clearance." We received your request February 1, 2007.

The Washington Headquarters Service, Human Resources office is searching for documents responsive to your request. However, the portion of your request concerning the Defense Security Service (DSS) falls under the control of DSS. Accordingly, we sent your request to them at the address provided below with the request that they respond directly to you. There are no assessable fees for this response in this instance.

Defense Security Service
Chief FOIA and Privacy
1340 Braddock Place
Alexandria VA 22314-1651

Sincerely,

Will Kammer
Chief



**DEFENSE SECURITY SERVICE**
1340 BRADDOCK PLACE
ALEXANDRIA, VA 22314-1651

Ms. Gloria D. Yelder
1807 Eufaula Avenue
Birmingham, Alabama 35208

JUN  7 2007

RE:  FOIA/PA# 232-27

Dear Ms. Yelder:

On February 9, 2007, your request to the Department of Defense, Washington Headquarters Service (WHS), was appropriately referred to the Defense Security Service (DSS) for response.  In your correspondence to WHS dated January 21, 2007, you were requesting from them all information pertaining to your security clearance and DSS investigative documents.

Enclosed is a copy of all Defense Security Service documents pertaining to you.  This includes but is not limited to a copy of your Joint Personnel Adjudication System (JPAS) record which reflects your security clearance was revoked in 1998 by WHS and a copy of your 1996 Periodic Reinvestigation (Case# 96192-DXC-1817-1E3).  **Nothing has been withheld from this enclosure.**

It should be noted that this is the third time since 1998 that DSS has disclosed this same information to you or your attorney.  DSS will not provide you another copy unless you can demonstrate to this agency a valid reason why you need another copy.

We appreciate having been able to serve you in this matter.  If you have any questions regarding the contents of the information released to you, please feel free to contact my office.

Sincerely,

LESLIE R. BLAKE
Chief, FOIA/PA

Enclosure

# Exhibit 4

 

# DEPARTMENT of DEFENSE
## DEFENSE INVESTIGATIVE SERVICE

FILE NO:

YELLOW CLIP17 LEAK

F H22-76-767C        S4/C4/30 C1
S6192-DXC-1617-363

# WARNING

THIS FILE IS THE PROPERTY OF THE DEFENSE INVESTIGATIVE SERVICE. CONTENTS MAY BE DISCLOSED ONLY TO PERSONS WHOSE OFFICIAL DUTIES REQUIRE ACCESS HERETO. CONTENTS MAY NOT BE DISCLOSED TO THE PARTY(S) CONCERNED WITHOUT SPECIFIC AUTHORIZATION FROM THE DEFENSE INVESTIGATIVE SERVICE.

SPECIAL INSTRUCTIONS:

It is certified that the material in this file is being retained pursuant to DoD Directive 5200.27, DIS Regulation 20-2 and DIS Manual 28-2.

Date Acquired _____    Signature _____

RETAIN FOR:

| 60 Days | 1 Year | 15 Years | 25 Years | Permanent |
|---------|--------|----------|----------|-----------|

FOR OFFICIAL USE ONLY

DIS Form 3
55 Feb

Previous edition will be used until exhausted.

RETENTION CONTROL SHEET

January 21, 2007


Gloria D. Yelder
1807 Eufaula Avenue
Birmingham, Alabama 35208
(205) 781-3454


Washington Headquarters Services
Department of Defense
1155 Defense Pentagon
Washington D. C. 20301-1155
Certified Mail

To Washington Headquarters Service:

I am Gloria Dean Yelder, DOBP: April 30, 1954, Prattville, Autauga, Alabama, SSN: ███████████. I was a special agent with the Defense Security Service, (DSS), Department of Defense, (DoD) from Sept 1982 to August 1998, before my security clearance was revoked and I was terminated from my employment. I have recently found out that my security clearance was revoked due to an alleged affair and that I was supposedly well aware of the effects of the alleged affair on my security clearance and termination from employment.

Please be advised that I have never been interviewed, told nor have I received the above mentioned information or investigations, especially while I was employed as a special agent with the DoD, DSS. I am requesting all information pertaining to my **security clearance, including Periodic Reinvestigation, (PR), Case Controller Number 96192-DXC-1817-1E3, as well as any investigations or information pertaining to my security clearance.** I am well aware that Washington Headquarters Services revoked my security clearance based on the above mentioned PR and investigations conducted by DSS, my former employer.

I have received letters from my Congressman, Artur Davis and my senator, Senator Richard Shelby stating that DSS and Washington Headquarters Services would be more than happy to finally provide the above mentioned PR that caused the revocation of my security clearance and termination from employment.

# Exhibit 5

As an US citizen, I deserved the right to defend myself before my security clearance was revoked. In your letters, you stated that I was given due process which has never happened.

I look forward to your immediately response within twenty (20) days of receipt of this letter. If I am unable to get my records I was informed that I needed to come back to Congressman Davis and Senator Shelby's offices for assistance.

Thanks in advance for your cooperation. I hope we will be able to resolve this as soon as possible.

Sincerely,

Gloria D. Yelder

Notary

Ms. Gloria D. Yelder
1807 Eufaula Avenue
Birmingham, Alabama 35208

**NOV 2 3 1998**

RE: PA #98-9053<br>FOIA #121-98(2)

Dear Ms. Yelder:

This correspondence is in furtherance to our letter dated July 13, 1998, wherein we acknowledged receipt of your request for information/documentation concerning you.

Enclosed you will find the following releasable information:

*Appended as Attachment (1), are the releasable portions of your Personnel Security Investigative (PSI) file. However, information which originated with the Office of Personnel Management (OPM), has been referred to them for release determination and direct response to you.*

*Appended as Attachment (2), are the releasable portions of the Inspector General (IG) and Employee Relations (ER) files pertaining to an administrative inquiry. Withheld from this release in accordance with 5 United States Code 552(b)(2)(high), is information which is related solely to the internal rules and practices of the agency. Information has also been withheld in accordance with 5 United States Code (b)(5), as inter- and/or intra-agency information/documentation which is considered privileged in litigation primarily under the deliberative process privilege.*

*Appended as Attachment (3), is information which was held by the Office of Security pertaining to you. No information has been withheld from this release.*

*Appended as Attachment (4), is information which was held by the Equal Employment Opportunity Office. No information has been withheld from this release.*

In accordance with the auspices of the Freedom of Information Act, you have the right to appeal the above withholding decisions. Should you wish to exercise this right, you may do so within 30 days from the date of this letter by writing to: Director, DSS, FOIA Appeal, 1340 Braddock Place, Alexandria, Virginia 22314-1651.

We appreciate being of assistance to you.

Sincerely,

LESLIE R. BLAKE
Manager, Office of FOIA
and Privacy

**Exhibit 6**

(4) Attachments

Yelder/tel20November98/c:Yelder.doc

**DEFENSE SECURITY SERVICE**
1340 BRADDOCK PLACE
ALEXANDRIA, VA 22314-1651

MAR 2 6 1999

Ms. Gloria D. Yelder
1807 Eufaula Avenue
Birmingham, Alabama 35208

RE: PA #98-9053
    FOIA #121-98(2)

Dear Ms. Yelder:

Reference is made to your December 17, 1998, letter in which you appeal the decision of the Defense Security Service (DSS), Office of FOIA and Privacy, to withhold certain information contained in your investigative files. After a careful review of this matter, I have determined that your appeal should be denied.

By request (DIS Form 30, "Request for Notification of Access to Personal Records") received July 6, 1998, you requested that DSS provide you with your investigative files, Periodic Reinvestigative files, and "all information including attachments, report of administrative inquiry, statements, request for polygraph information." By letter dated November 23, 1998, DSS provided you all releasable portions of your Personnel Security Investigative (PSI) file, which included your Periodic Reinvestigations. **Nothing was withheld from these records.** However, you were advised that information which originated with the Office of Personnel Management (OPM) had been referred to them for their review and direct response to you. This referral was made to OPM via letter (attached) dated December 4, 1998. DSS also furnished you with all records which had been maintained by the DSS Office of Security and the Equal Employment Opportunity Office (EEOC). Again, **nothing was withheld from this material.** You were also provided with all releasable portions of your Inspector General (IG) file and Employee Relations (ER) files pertaining to an administrative inquiry. Withheld from these files was information which related to the internal rules and practices of the agency and inter- and/or intra-agency information which is considered privileged in litigation. These withholdings were made pursuant to 5 United States Code (U.S.C.) 552(b)(2)(high) and 5 U.S.C. 552(b)(5).

Based on the information furnished and a review of your investigative file, to include your Privacy Act file, I find DSS has already provided you with a copy of all releasable records responsive to your Freedom of Information/Privacy Act[s] request. Concerning information that was withheld, I will advise you that the essence of the information contained the identities of DSS personnel and that courts generally have held that internal

**Exhibit 7**

routing notations possibly leading to identification of employees involved in decision making can be withheld under Exemption 5 (Cofield v. City of La Grange. No. 95-179, 1996 WL 32727, at 6 (D.D.C. Jan 24, 1996)). Therefore, I will not reverse Mr. Blake's initial decision.

Release determinations regarding information which originated with OPM can only be made by OPM. DSS has no authority to release these documents, so I will not modify Mr. Blake's decision to refer these documents to OPM for their decision.

If you are dissatisfied with this decision, you may seek judicial review in the United States District Court where you reside, where your principal place of business is located, where the records are maintained, or in the District of Columbia (5 U.S.C. 552 (a) (4)).

Sincerely,

STEVEN T. SCHANZER                                        Attachment
Director