**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **GLORIA D. YELDER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1639 (RJL)** |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **DEFENSE, <u>et al.</u>** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

<u>**DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR**</u>
<u>**SUMMARY JUDGMENT**</u>

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, defendants, the United

States Department of Defense ("DoD"), and Washington Headquarters Service ("WHS")[1] hereby

file their motion for dismissal, or alternatively, summary judgment.  Dismissal is required

because plaintiff has failed to properly exhaust her administrative remedies as required prior to

instituting this action.  A statement of material facts and a proposed order accompany this

motion.

Plaintiff should take notice that any factual assertions contained in the accompanying

affidavit and other attachments in support of defendants' motion will be accepted by the Court as

true unless the plaintiff submits her own affidavit or other documentary evidence contradicting

---

[1]The proper defendant in this action is the DoD because WHS is a separate component of
the DoD's Office of the Security of Defense ("OSD").  <u>See</u> 5 U.S.C. § 552(a)(4)(B); <u>see also</u>
Declaration of William Kammer ("Kammer Decl.") ¶ 1.  Defendant Defense Security Service
("DSS") has already filed a motion seeking dismissal, or alternatively, summary judgment, as it
regards plaintiff's complaint.  <u>See</u> Docket Entry No. 7.

the assertions in defendants' attachments.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992); see also Local Rule 7(h)[2] and Fed. R. Civ. P. 56(e).  Fed. R. Civ. P. 56(e) provides that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,


_____
/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____
/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


_____
/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division

---

[2]Requiring that oppositions to motions for summary judgment "shall" be accompanied by a "separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement."  LCvR 7(h).

555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANTS

Of Counsel:

Roland Meisner
Assistant General Counsel
Office of General Counsel
Defense Security Service

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| GLORIA D. YELDER, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1639 (RJL) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| DEFENSE, <u>et al.</u> | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO**</u>
<u>**DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**</u>

Defendants, the United States Department of Defense ("DoD"), and Washington

Headquarters Service ("WHS")[1] hereby file their motion for dismissal or alternatively for

summary judgment.  Dismissal is required because plaintiff has failed to exhaust her

administrative remedies prior to bringing this action.

<u>**BACKGROUND**</u>

Plaintiff, Gloria Yelder, has instituted this action against three named defendants

regarding several requests she submitted pursuant to the Freedom of Information Act ("FOIA"),

5 U.S.C. § 552.  The facts concerning plaintiff's January 21, 2007 FOIA request that was sent to

WHS have been fully set forth in defendants' Statement of Material Facts as to Which There is

---

[1]Because WHS is a separate agency of the DoD, DoD is the proper defendant in this
action.  <u>See</u> 5 U.S.C. § 552(a)(4)(B); <u>see also</u> Declaration of William T. Kammer ("Kammer
Decl.") ¶ 1.  Defendant Defense Security Services ("DSS") has filed a separate motion
addressing plaintiff's FOIA request.

No Genuine Issue, attached to this motion.

## ARGUMENT

I.  **Plaintiff Has Failed to Exhaust Her Administrative Remedies.**

A.  **Standard of Review**

Defendants move for dismissal of plaintiff's complaint under Rule 12(b)(6) for failure to state a claim. "A FOIA suit is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if a plaintiff fails to exhaust his administrative remedies prior to initiating a lawsuit." Elliot v. United States Dep't of Agriculture, No. Civ.A. 06-240, 2007 WL 1302588, at *2 (D.D.C. May 2, 2007). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir. 1996). A complaint may be dismissed for failure to state a claim upon which relief may be granted if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. Appleton v. United States, 69 F. Supp. 2d. 83, 86 (D.D.C. 1999); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). A court should dismiss a complaint for failure to state a claim when the complaint fails "to raise a right to relief above the speculative level." See, e.g., Bell Atlantic v. Twombly, 1275 S. Ct. 1955, 1956 (2007). The court need not, however, accept as true the plaintiff's legal conclusions. See Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997). "While in this Circuit, the exhaustion requirement is not jurisdictional, . . . as a jurisprudential doctrine, failure to exhaust precludes judicial review if the purposes of exhaustion and the particular administrative scheme support such a bar." Bestor v. C.I.A., No. Civ.A. 04-2049, 2005 WL 3273723, at *3 (D.D.C. Sept. 1, 2005) (citations and internal quotation marks omitted); see also Hidalgo v. F.B.I., 344 F.3d 1256, 1258 (D.C. Cir.

2

2003) ("[T]he exhaustion requirement is not jurisdictional because the FOIA does not unequivocally make it so.") (citation omitted). "Dismissal is proper under Rule 12(b)(6) where a plaintiff has failed to exhaust administrative remedies because failure to exhaust is not jurisdictional but rather a 'condition precedent' to filing suit." Clemmons v. United States Dep't of Justice, No. Civ. A. 06-0305, 2007 WL 1020796, at *5 (D.D.C. Mar. 30, 2007) (citations omitted).

Defendants have attached a declaration and exhibits to their motion. In reviewing a motion to dismiss, if the Court reviews matters outside of the pleadings, then the Court is required to treat the motion as one seeking summary judgment pursuant to Federal Rule of Civil Procedure 56. See Fed. R. Civ. 12(b). Summary judgment pursuant to Fed. R. Civ. P. 56(c) is appropriate when the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In determining whether a genuine issue of material fact exists, the trier of fact must view all the facts, and the reasonable inferences to be drawn from them, in a light most favorable to the non-moving party. Anderson, 477 U.S. at 255. If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50. In order to withstand summary judgment, the non-moving party is not at liberty to rest upon mere allegations or denials but must come forth with evidence establishing a material issue of fact for trial. Id. at 248. The mere existence of some factual dispute is insufficient to withstand summary judgment; there must be a genuine issue of material fact. Id. at 247-48. If the submitted evidence is of such a character that

3

it would not permit a reasonable fact-finder to find in favor of the non-moving party, summary

judgment is appropriate.  Id. at 251.

**B.      Plaintiff Has Failed to Exhaust Her Administrative Remedies.**

Prior to filing a lawsuit, a FOIA requester is required to fully exhaust her administrative

remedies.  Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  A

FOIA requester is deemed to have failed to exhaust administrative remedies whenever the

requester does not comply with the administrative process set forth under the FOIA, including:

(1) failure to provide the required proof of identity, Summers v. United States Dep't of Justice,

999 F.2d 570, 572-73 (D.C. Cir. 1993); (2) failure to reasonably describe the records being

sought, Gillin v. IRS, 980 F.2d 819, 822-23 (1st Cir. 1992); (3) failure to comply with fee

requirements, Trueblood v. United States Dep't of Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996);

and (4) **failure to administratively appeal a denial of information**, Oglesby v. United States

Dep't of the Army, 920 F.2d 57 (D.C. Cir. 1990) (emphasis added).  "The statutory scheme in the

FOIA specifically provides for an administrative appeal process following an agency's [response

to] a FOIA request."  Bestor, 2005 WL 3273723, at *2.  Furthermore, "[c]ourts have consistently

confirmed that the FOIA requires exhaustion of this appeal process before an individual may

seek relief in the courts."  Id. (citation and internal quotation marks omitted) (emphasis added).

Notably, while paragraph 12 of the complaint specifically alleges that plaintiff appealed

the response to her 2005 FOIA request that was sent to DSS, plaintiff does not contend that she

ever filed any administrative appeal concerning her January 21, 2007 request, which was the

request sent to WHS.  And, indeed, to date, WHS' OFOI has not received any appeal from

plaintiff concerning WHS' response to her January 21, 2007 request.  Kammer Decl. ¶ 2.

4

Because plaintiff has not filed an administrative appeal of her 2007 FOIA request, dismissal for failure to state a claim, or alternatively, summary judgment, is required.  Hinojosa v. Department of Treasury, No. Civ.A. 06-0215, 2006 WL 2927095, at *3 (D.D.C. Oct. 11, 2006) (holding that plaintiffs' "failure to avail themselves of the applicable administrative remedies is fatal to their [FOIA] claims in this Court."); Hornbeck Offshore Transportation LLC v. United States Coast Guard, No. Civ.A. 04-1724, 2006 WL 696053, at *24 (D.D.C. Mar. 20, 2006) (granting defendant's motion for summary judgment where "[p]laintiff has failed to meet its exhaustion requirements with respect to the FOIA Exemption 6 withholdings, a 'condition precedent' to its appeal of those redactions in this Court."); Bestor, 2005 WL 3273723, at *4 (holding that where there was a failure to exhaust, "plaintiff has failed to justify the court's exercise of subject matter jurisdiction in this case, and likewise because plaintiff has failed to state a claim upon which relief can be granted, the defendant's motion to dismiss will be granted.").

## CONCLUSION

For the reasons set forth above, defendants WHS and DoD respectfully request that this action be dismissed with prejudice, or alternatively, that summary judgment be entered in defendants' favor.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANTS


Of counsel:

Roland Meisner
Assistant General Counsel
Office of General Counsel
Defense Security Service

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Defendants' Motion to Dismiss, or in the Alternative,

for Summary Judgment and the accompanying exhibits was mailed by depositing a copy of it in

the U.S. Mail, first class postage prepaid, addressed to:

Gloria D. Yelder, <u>pro se</u>
1807 Eufaula Avenue
Birmingham, AL 35208


on this 23rd  day of November, 2007.


_____
                              /s/
                    MICHELLE N. JOHNSON

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GLORIA D. YELDER,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-1639 (RJL)** |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **DEFENSE, <u>et al.</u>** ) | |
| ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

<u>**DEFENDANTS' STATEMENT OF MATERIAL FACTS**</u>
<u>**AS TO WHICH THERE IS NO GENUINE ISSUE**</u>

Pursuant to LCvR 56.1 and 7(h), defendants Department of Defense ("DoD") and

Washington Headquarters Service ("WHS")[1] respectfully submit this statement of material facts

as to which there is no genuine issue in support of their motion for dismissal or, alternatively,

summary judgment.

1.      Washington Headquarters Service ("WHS") is a separate component of the DoD's Office

of the Secretary of Defense.  Declaration of William T. Kammer ("Kammer Decl.") ¶ 1.

2.      On February 1, 2007, WHS' Office of Freedom of Information ("OFOI") received a

request pursuant to the Freedom of Information Act ("FOIA") from plaintiff dated January 1,

2007.  Kammer Decl. ¶ 3; Kammer Decl., Ex. 1 (Letter from plaintiff dated January 21, 2007).

---

[1]The proper defendant in this action is the DoD because WHS is a separate component of the DoD's Office of the Security of Defense ("OSD").  <u>See</u> 5 U.S.C. § 552(a)(4)(B); <u>see also</u> Declaration of William Kammer ("Kammer Decl.") ¶ 1.  Defendant Defense Security Service ("DSS") has already filed a motion seeking dismissal, or alternatively, summary judgment, as it regards plaintiff's complaint.  <u>See</u> Docket Entry No. 7.

3.      Plaintiff's FOIA request sought "all information pertaining to my security clearance, including Periodic Reinvestigation, (PR), Case Controller Number 96192-DXC-1817-1E3, as well as any investigations or information pertaining to my security clearance."  Kammer Decl., Ex. 1.

4.      A response to plaintiff's FOIA request was tasked to the Human Resources Directorate ("HRD") of WHS.  Kammer Decl. ¶ 3.  Additionally, on February 6, 2007, a copy of plaintiff's request was forwarded to Defense Security Service ("DSS") for an additional search.  Kammer Decl., Ex. 2 (Letter to DSS dated February 6, 2007).

5.      On October 23, 2007, OFOI responded to plaintiff's FOIA request by providing 405 pages of responsive information.  Kammer Decl.  ¶ 3; Kammer Decl. Ex. 3 (Letter to plaintiff dated October 23, 2007).  No information was withheld from this release.  Kammer Decl.  ¶ 3.

6.      Also on October 23, 2007, 341 pages of responsive material were referred to DSS and 8 pages of responsive information were referred to the Department of Justice for review and direct reply to the requester.  Id.  See also Kammer Decl. Ex. 4 (Letters to DSS and Executive Office of United States Attorneys/Department of Justice).

7.      As of this date, OFOI has not received any appeal from plaintiff regarding the October 23, 2007 release of records.  Kammer Decl.  ¶ 3.

                            Respectfully submitted,


_____       /s/ Jeffrey A. Taylor
                            JEFFREY A. TAYLOR, D.C. BAR # 498610
                            United States Attorney


                              /s/ Rudolph Contreras
                            RUDOLPH CONTRERAS, D.C. BAR #  434122
                            Assistant United States Attorney

/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANTS


Of counsel:

Roland Meisner
Assistant General Counsel
Office of General Counsel
Defense Security Service

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Gloria D. Yelder | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.  1:07-cv-01639 |
| Department of Defense | ) | |
| Defense Security Service | ) | |
| Washington Headquarters Service | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## DECLARATION OF WILLIAM T. KAMMER

I, William T. Kammer, hereby declare under penalty of perjury that the following information is true and correct to the best of my knowledge:

1. I am the Chief, Office of Freedom of Information (OFOI), Executive Services Directorate, Washington Headquarters Service (WHS), a Component of the Department of Defense (DoD), and have held that position since August 2005.  As Chief, I am responsible for implementation of the DoD Freedom of Information Act (FOIA) Program and issuance of agency-wide policy guidance and instruction on FOIA matters.  See 32 CFR 286.  Additionally, I supervise the processing of initial FOIA and Privacy Act (PA) requests for documents within the possession and control of the Office of the Secretary of Defense (OSD), of which WHS is a Component, and the Office of the Chairman of the Joint Chiefs of Staff (Joint Staff).  I also supervise the processing of FOIA/PA appeals for the OSD and the Joint Staff.

1

2. I am familiar with the subject litigation and the FOIA/PA request submitted by the plaintiff in this case. The statements in this declaration are based upon my personal knowledge, upon my review of information available to me in my official capacity, and upon my conclusions.

3. On February 1, 2007, OFOI received a FOIA/PA request from plaintiff dated January 21, 2007. See Exhibit 1. This request was tasked to the Human Resources Directorate (HRD), WHS with the request to search for responsive records. Additionally, on February 6, 2007, a copy plaintiff's request was forwarded to the Defense Security Service (DSS), for additional search. See Exhibit 2. On October 17, 2007, HRD replied to OFOI and we responded to plaintiff's request, on October 23, 2007, with 405 pages of responsive information. See Exhibit 3. No information was withheld from plaintiff. Also on October 23, 2007, 341 pages of responsive information were referred to DSS and 8 pages of responsive information were referred to the Department of Justice for review and direct reply to the requester. See Exhibit 4. As of this date, OFOI has not received an appeal from plaintiff concerning the October 23, 2007, response.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this **20th** day of November 2007, at Arlington, Virginia.


William T. Kammer

January 21, 2007


Gloria D. Yelder
1807 Eufaula Avenue
Birmingham, Alabama 35208
(205) 781-3454


Washington Headquarters Services
Department of Defense
1155 Defense Pentagon
Washington D. C. 20301-1155
Certified Mail

To Washington Headquarters Service:

I am Gloria Dean Yelder, DOBP: ———————————— SSN: ———
————. I was a special agent with the Defense Security Service, (DSS),
Department of Defense, (DoD) from Sept 1982 to August 1998, before my security
clearance was revoked and I was terminated from my employment. I have recently found
out that my security clearance was revoked due to an alleged affair and that I was
supposedly well aware of the effects of the alleged affair on my security clearance and
termination from employment.

Please be advised that I have never been interviewed, told nor have I received the above
mentioned information or investigations, especially while I was employed as a special
agent with the DoD, DSS. I am requesting all information pertaining to my **security
clearance, including Periodic Reinvestigation, (PR), Case Controller Number 96192-
DXC-1817-1E3, as well as any investigations or information pertaining to my
security clearance.** I am well aware that Washington Headquarters Services revoked my
security clearance based on the above mentioned PR and investigations conducted by
DSS, my former employer.

I have received letters from my Congressman, Artur Davis and my senator, Senator
Richard Shelby stating that DSS and Washington Headquarters Services would be more
than happy to finally provide the above mentioned PR that caused the revocation of my
security clearance and termination from employment.

*EXHIBIT 1*

As an US citizen, I deserved the right to defend myself before my security clearance was revoked. In your letters, you stated that I was given due process which has never happened.

I look forward to your immediately response within twenty (20) days of receipt of this letter. If I am unable to get my records I was informed that I needed to come back to Congressman Davis and Senator Shelby's offices for assistance.

Thanks in advance for your cooperation. I hope we will be able to resolve this as soon as possible.

Sincerely,

Gloria D. Yelder

Notary



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

FEB 0 6 2007

Ref: 07-FP-0075

MEMORANDUM FOR DEFENSE SECURITY SERVICE
1340 BRADDOCK PLACE
ALEXANDRIA, VA 22314-1651

SUBJECT: Freedom of Information/Privacy Act (FOIA/PA) Request – Ms. Gloria D. Yelder

Attached is a two page request for records, if they exist, which may be under the purview of Defense Security Service. This FOIA/PA request concerns the revoking of Gloria D. Yelder's security clearance and her termination. Accordingly, we are referring it to your office for direct response to the requester. Also, the Washington Headquarters Service, Human Resources office is searching their files for responsive documents. The requester has been notified of this action.

A copy of the requester's initial letter and a copy of the interim response sent to her from this office are attached for your information. If you have any questions regarding this matter, please contact Angela Campagna at (703) 696-2641 or angela.campagna.ctr@whs.mil.

*for* Will Kammer
Chief

Attachment:
As stated

*EXHIBIT 2*



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

OCT 2 3 2007

Ref: 07-FP-0075

Ms. Gloria Yelder
1807 Eufaula Avenue
Birmingham, AL 35208

Dear Ms. Yelder:

This is in response to your January 21, 2007, Freedom of Information/Privacy Act request. We received your request on February 1, 2007.

The Washington Headquarters Service, Human Resources Directorate provides the enclosed documents in response to your request. However, additional material that they located falls under the cognizance of the Defense Security Service and the United States Department of Justice. Accordingly, we sent that material to them at the addresses provided below, with the request that they respond directly to you. There are no assessable fees for this response in this instance.

Defense Security Service
Chief FOIA and Privacy
1340 Braddock Place
Alexandria, VA 22314-1651

Executive Office of United States Attorneys
Department of Justice
FOIA/Privacy Unit
Room 7300, 600 E. Street, NW
Washington, DC 20530-0001

Sincerely,

Will Kammer
Chief

Enclosures:
As Stated

*EXHIBIT 3*



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

OCT 2 3 2007
Ref: 07-FP-0075

MEMORANDUM FOR DEFENSE SECURITY SERVICE
1340 BRADDOCK PLACE
ALEXANDRIA, VA 22314-1651

SUBJECT: Freedom of Information Act (FOIA) Request – Ms. Gloria Yelder

The attached documents are of primary interest to your office. These documents concern Ms. Gloria Yelder's security clearance and her termination. Accordingly, we are referring them to your office for direct response. The requester has been notified of this referral and a copy of the referral letter is attached.

Please note that this case is in litigation and that the records were extracted from a Privacy Act System of Records. A copy of the FOIA/PA request, complaint, and systems notice are attached for your information. If you have any questions regarding this matter, please contact Mrs. Angela Campagna at (703) 696- 2641 or Angela.Campagna.ctr@whs.mil.

For Will Kammer
Chief

Attachment:
As stated

*EXHIBIT 4*



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

OCT 2 3 2007
Ref: 07-FP-0075

MEMORANDUM FOR EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS
WILLIAM G. STEWART, II ASSISTANT DIRECTOR
DEPARTMENT OF JUSTICE
FOIA/PRIVACY UNIT
ROOM 7300, 600 E STREET, NW
WASHINGTON, DC 20530-0001

SUBJECT: Freedom of Information/Privacy Act (FOIA/PA) Request – Ms. Gloria Yelder

The attached document is of primary interest to your office and concerns Ms. Gloria Yelder's security clearance and termination. Accordingly, we are referring it to your office for direct response. The requester has been notified of this referral and a copy of the referral letter is attached.

Please note that this case is in litigation and that the records were extracted from a Privacy Act System of Records. A copy of the FOIA/PA request, complaint, and systems notice are attached for your information. If you have any questions regarding this matter, please contact Mrs. Angela Campagna at (703) 696- 2641 or Angela.Campagna.ctr@whs.mil.

Will Kammer
Chief

Attachments:
As stated

EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **GLORIA D. YELDER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1639 (RJL)** |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **DEFENSE, <u>et al.</u>** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>PROPOSED ORDER</u>

This matter having come before the Court on the motion of defendants Department of

Defense and Washington Headquarters Service for dismissal, or alternatively, summary

judgment, plaintiff's opposition, if any, and defendant's reply, if any, it is hereby

**ORDERED** that defendants' motion is hereby granted.  And it is further

**ORDERED** that this action is hereby dismissed with prejudice.

**SO ORDERED** on this ___ day of _____, 200___.


_____
**RICHARD J. LEON**
**UNITED STATES DISTRICT JUDGE**