IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA D. YELDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF<br>DEFENSE, et al.,<br><br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-1639 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

     Defendants, the United States Department of Defense ("DoD"), Defense Security Service ("DSS"), and Washington Headquarters Service ("WHS") hereby file their reply in further support of their respective motions for dismissal, or, alternatively for summary judgment. Plaintiff's opposition offers the Court nothing more than conclusory allegations and speculation regarding plaintiff's belief that she has exhausted her administrative remedies and has not been furnished all existing records that are responsive to her Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") request. Plaintiff offers no substantive justification for the Court to deny the defendants' motions, and therefore, dismissal and/or summary judgment is warranted in defendants' favor.

**ARGUMENT**

**I.   Plaintiff Has Not Shown That She Has Exhausted Her Administrative Remedies.**

     Previously, defendants DSS and WHS contended that plaintiff's action must be dismissed

in light of the fact that she has failed to exhaust her administrative remedies. See DSS' Motion to Dismiss, or in the Alternative, for Summary Judgment ("DSS' Mot."), Declaration of Leslie R. Blake ("Blake Decl.") ¶ 7 ("A search of the DSS FOIA/PA database disclosed no record of the DSS FOIA/PA Office having received an appeal from plaintiff dated September 2005."); WHS' Motion to Dismiss, or in the Alternative, for Summary Judgment ("WHS' Mot."), Declaration of William T. Kammer ("Kammer Decl.") ¶ 3 ("As of this date, [WHS] has not received an appeal from plaintiff concerning the October 23, 2007 response.").

In response to these sworn declarations, plaintiff offers nothing more than her conclusory statements in her "Statement Opposing Defendants' Motion that There are no Material Facts to Which There are Genuine Issues" ("Pl.'s Opp'n"), that "[p]laintiff did exhaust all of her administrative remedies before she brought the complaint to the attention of your Honor's court." Pl.'s Opp'n ¶ 19. See also id. ¶ 8 ("Plaintiff appealed the decision to the Director of DSS").[1] Plaintiff does not, however, contend that she separately appealed WHS' response to her FOIA request. And, most tellingly, nowhere in her opposition does plaintiff actually contend that she appealed the decisions regarding her FOIA requests that were submitted in 2007, which are raised in the current complaint. Complaint ("Compl.") ¶¶ 13, 15, 16-18. For these reasons, plaintiff has failed to adequately refute defendants' sworn declarations concerning her failure to exhaust her administrative remedies and dismissal is required. See Hinojosa v. Department of Treasury, No. Civ.A. 06-0215, 2006 WL 2927095, at *3 (D.D.C. Oct. 11, 2006) (holding that plaintiffs' "failure to avail themselves of the applicable administrative remedies is fatal to their

---

[1]Paragraph 8 of plaintiff's opposition does not make it clear which decision she appealed. However, a fair reading of the statement reveals the plaintiff may be referring to a decision regarding a FOIA request she submitted in 1995. Pl.'s Opp'n ¶¶ 7-10.

[FOIA] claims in this Court."); <u>Hornbeck Offshore Transportation LLC v. United States Coast Guard</u>, No. Civ.A. 04-1724, 2006 WL 696053, at *24 (D.D.C. Mar. 20, 2006) (granting defendant's motion for summary judgment where "[p]laintiff has failed to meet its exhaustion requirements with respect to the FOIA Exemption 6 withholdings, a 'condition precedent' to its appeal of those redactions in this Court.").

**II.     Plaintiff's Speculation That Additional Documents Exist Does Not Preclude the Grant of Summary Judgment.**

Plaintiff continues to insist that there is a second periodic investigation that exists concerning the revocation of her security clearance. According to plaintiff the "case controller for the first periodic investigation is 96192-DXO-1812-1b3 with the "O' changed to "C" with ink." Pl.'s Opp'n ¶ 30.[2] The second periodic investigation, plaintiff contends, has a "case controller" number of "96192-DXC-1912-1E3." <u>Id.</u> ¶ 31. In support of her belief that there exists a second periodic investigation file, plaintiff cites to a telephone roster entitled "Branch A-K Case Controller Numbers & Telephone Extensions" dated April 8, 1991. Pl.'s Opp'n, Ex. 13.

As defendant DSS explained previously, there is only one periodic investigation, 96192-DXC-1817-1E3. Blake Decl. ¶ 10. "Plaintiff's reference to a '1b3' case and 'O changed to C' appears to be from a typo on the report of investigation by the investigative agent, which . . . had been previously explained to plaintiff on more than one occasion. PR #96192-DXC-1817-1E3 is the only PR case DSS maintains on plaintiff." <u>Id.</u>; <u>see also</u> Blake Decl., Ex. 4 (Cover sheet of periodic investigation).

---

[2] Reference to Exhibit 12 of plaintiff's opposition reveals that the cover page of the periodic investigation is actually 96192-DXC-1817-1E3, which is the same cover page attached to defendant's motion. <u>Compare</u> Pl.'s Opp'n, Ex. 12 <u>with</u> Blake Decl., Ex. 4.

3

Plaintiff's belief that there is a second periodic investigation file is based on pure speculation and should not be credited. However, even if such a second report existed, which it does not, defendant's failure to locate that report would not be grounds for the Court to deny defendant DSS' motion for summary judgment in light of DSS' adequate search for records. See Blake Decl. ¶¶ 4-6. See also Trans Union LLC v. Federal Trade Comm'n, 141 F. Supp. 2d 62, 68 (D.D.C. 2001) ("[A]n agency's inability to locate every single responsive [document] does not render an otherwise diligent search unreasonable.") (citations omitted). Nor does plaintiff's insinuation that any such documents may have been improperly destroyed, Pl.'s Opp'n at ¶ 26, alter this analysis. See Canning v. United States Dep't of Defense, 499 F. Supp. 2d 14, 23 (D.D.C. 2007) ("FOIA is only directed at requiring agencies to disclose those 'agency records' for which they have chosen to retain possession or control . . ." and does "not obligate agencies to create or retain documents . . . .") (internal quotation marks and citations omitted).

## CONCLUSION

For the reasons set forth above, and in defendants' motions for dismissal, or alternatively, summary judgment, defendants DoD, DSS, and WHS respectfully request that the Court dismiss the complaint in this action, or alternatively grant defendants summary judgment.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

        /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANTS


Of counsel:

Roland Meisner
Assistant General Counsel
Office of General Counsel
Defense Security Service

**CERTIFICATE OF SERVICE**

     I hereby certify that the foregoing Defendants' Reply in Further Support of Their Motions to Dismiss, or in the Alternative, for Summary Judgment, was mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Ms. Gloria D. Yelder
1807 Eufaula Avenue
Birmingham, AL 35208

on this  10th  day of December, 2007

                                                    /s/
                                      MICHELLE N. JOHNSON