UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 1 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| GLORIA D. YELDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 07-1639 (RJL) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| DEFENSE, DEFENSE SECURITY ) | |
| SERVICE, WASHINGTON ) | |
| HEADQUARTERS SERVICE, ) | |
| ) | |
| Defendants. | |

## ORDER

Before the Court is defendants' motion for summary judgment, which was filed on March 28, 2008. Because a ruling on defendants' motion may dispose of this case, plaintiff, proceeding *pro se*, is advised of his/her obligation under the Federal Rules of Civil Procedure and the local rules of this Court.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise *pro se* litigants of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. Moreover, because the defendants filed a motion for summary judgment, plaintiff is also advised that the Court will accept as true "any factual assertions in the [defendants'] affidavits" unless plaintiff "submits [her] own affidavits or



other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

> Rule 56 of the Federal Rules of Civil Procedure provides specifically that
>
> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, parties such as plaintiff, against whom a motion for summary judgment has been filed, must rebut the moving parties' affidavits with other affidavits or sworn statements. Simple allegations that the moving parties' affidavits are incorrect are insufficient. Accordingly, it is this ___ day of April, 2008,

**ORDERED** that plaintiff shall respond to the defendants' motion for summary judgment no later than 30 days from the date of this Order. If plaintiff does not respond by that date, the Court may treat the motions as conceded and enter judgment in favor of the defendants.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge

4/10/08