IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GLORIA D. YELDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1639 (RJL) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| DEFENSE, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants, the United States Department of Defense ("DoD"), the Defense Security Service ("DSS"), and the Washington Headquarters Service ("WHS") [1] hereby file their reply in further support of their motion for summary judgment.

Plaintiff's opposition to defendants' motion for summary judgment wholly fails to address the substantive arguments made by defendants. Plaintiff has offered no justifiable argument for why the Court should deny defendants' motion and summary judgment is therefore appropriate.[2]

---

[1] Because DSS and WHS are separate agencies of the DoD, DoD is the proper defendant in this action. See 5 U.S.C. § 552(a)(4)(B); see also Declaration of Leslie R. Blake dated October 29, 2007 ("1st Blake Decl.") ¶ 2; see also Declaration of William Kammer ("Kammer Decl.") ¶ 1.

[2] Defendants note that plaintiff has mailed to defense counsel what is entitled "Plaintiff's Second Amended Complaint for Declaratory and Injunctive Relief." However, this complaint was never filed with the Court. In addition, because plaintiff has already amended her complaint

## ARGUMENT

I. **Plaintiff has Conceded Defendants' Arguments in Support of Summary Judgment**

In her opposition to defendants' motion for summary judgment, plaintiff does not substantively address any of the arguments made by defendants. Rather, she continues to speculate that documents exist, which in fact do not. Most significantly, plaintiff does not contest that she has failed to exhaust her administrative remedies as it concerns several of her Freedom of Information Act ("FOIA") requests. Furthermore, as it concerns defendants' claimed exemptions, plaintiff only states that the Court should "[d]eny the Defendants' requests for exemptions because they should not apply in this case." This one-sentence contention is unsupported by any argument or legal authority. Accordingly, the Court should find that plaintiff has conceded the validity of defendants' arguments in support of summary judgment and grant the defendants' motion. See, e.g., Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); see also United States v. Real Prop., Parcel No.03179-005R, Civ. A. No. 01-0706, 2003 WL 224053382 at *12 (D.D.C. Oct. 21, 2003); Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002).

## CONCLUSION

For the reasons set forth in defendants' motion for summary judgment, and given the lack

---

once, she requires leave from the Court or defendants' consent to permit her to file a Second Amended Complaint at this juncture. See Fed. R. Civ. P. 15(a)(2).

of any substantive opposition by plaintiff to that motion, defendants respectfully request that the Court enter judgment in their favor.

Respectfully submitted,

   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


   /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANTS


Of counsel:

Roland Meisner
Assistant General Counsel
Office of General Counsel
Defense Security Service

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Defendants' Reply in Further Support of Their Motion for Summary Judgment was mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Gloria D. Yelder, pro se
1807 Eufaula Avenue
Birmingham, AL 35208

on this 18th day of April, 2008

/s/
MICHELLE N. JOHNSON