

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAY - 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| GLORIA D. YELDER,<br>1807 Eufaula Avenue<br>Birmingham, AL 35208<br><br>Plaintiff,<br><br><br>UNITED STATES DEPARTMENT<br>OF DEFENSE,<br>ROBERT M. GATES,<br>Secretary of Defense,<br>1000 Defense Pentagon<br>Washington, D.C. 20301-1000<br><br>And<br><br>DEFENSE SECURITY SERVICE<br>1340 Braddock Place,<br>Alexandria, VA 22314-1651<br><br>And<br><br>WASHINGTON HEADQUARTERS<br>SERVICES<br>1155 Defense Pentagon<br>Washington, D.C. 20301-1155<br><br>Defendants. | CIVIL ACTION NO:1:07-cv-01639 |

PLAINTIFF'S REPLY TO THE DENIAL OF DEFENDANT'S REQUEST
IN SUPPORT FOR SUMMARY JUDGMENT

1

Plaintiff, Gloria D. Yelder, hereby file her rely to Defendant's further support for summary judgment. In support of Plaintiff, there is additional information which DoD possesses, although Defendant denies the facts in this case. Summary judgment is not appropriate because there are facts in dispute, material and genuine issues in this case.

Plaintiff has tried to explain her position in this case with evidence, facts, affidavit of the facts as well as defendants' responses and court opinions. Defendants still continues to use any and all tactics to prohibit Plaintiff from obtaining the information so she can finally receive due process in the revocation of her security clearance and termination from employment. Again Plaintiff has been at a disadvantage because the Defendants still possess all the information regarding Plaintiff's security clearance and termination from employment.

Summary judgment should be granted only if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp Catrett, 477 U.S. 317, 325 (1986); Waterhouse v. Dist. Of Columbia, 298 F. 3d 989, 991 (D. C. Cir 2002). In determining whether a genuine issue of material fact exists, the Court must view all facts in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio

Corp', 475 U. S. 574, 587 (1986). The party opposing the motion has a duty to submit affidavits or other form of information to the court to "set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Celotex Corp., 477 U.S. at 322 (citing Fed. R. Civ. P. 56(e). "Rule 56(e) therefore requires the moving party to go beyond the pleadings by her own affidavits, or by the depositions, answers to interrogatories and admissions on file, designate "specific facts showing that there is a genuine issue for trial." Id at 324 (quoting Fed. R. Civ. P. 56(e).

### Facts

1. Information in a 1996 email about alleged affair with the spouse complaining to DSS was lodged against Plaintiff, but she was not allowed to respond to that information in her security clearance before and after it was sent to WHS. Plaintiff has never been told or informed of who the anonymous spouse in the email that complained to DSS.

2. The email about the alleged affair sent to Plaintiff by DSS, three months after she was terminated from employment although it was placed in Plaintiff's security clearance in 1996.

3. WHS stated that DSS sent them an investigation about Plaintiff and an alleged affair with the spouse complaining to DSS as well as other misconduct.

4. After years of requesting information from DSS, for the first time, in 2008, DSS sent Plaintiff intimate photographs of Mrs. Andrea Whitfield and Mr. Alvin Green in an extramarital affair and stated that they cannot give Plaintiff their identities.

5. The information these two individuals gave DSS in the process of conducting Plaintiff's security clearance, Plaintiff deserved the right to defend against the information before her security clearance was revoked as required by DoD Regulations 5200.2-R.

6. Defendants stated that Plaintiff's opposition to defendant's motion for summary judgment wholly fails to address the substantive arguments made by defendants. Defendant stated that Plaintiff has offered no justifiable argument for why the Court should deny defendant's motion and summary judgment is therefore appropriate.

7. Defendants stated in their argument that Plaintiff continues to speculate that documents exist, which in fact do not. Plaintiff has not speculated about documents because they do exist.

4

8. Defendants had never given any justifiable argument to why they conducted two periodic reinvestigations on Plaintiff and why now they are denying the two investigations.

9. There were two important facts that were disclosed in 2004 and 2005 from the court and attorneys for the Defendants that substantiate that there was more than one investigation.

10. In December 2004, Magistrate Paul Green's opinion in the United Stated District Court for the North District of Alabama stated that Plaintiff was well aware of the allegations of an affair and its effects it had in her security clearance and determination from employment. This was the first time that Plaintiff became aware of the alleged affair and the effects on her security clearance and termination from employment.

11. In May 2005, Defendants, DoD, stated that they knew in 2001 during Plaintiff's deposition, that Plaintiff did not know about the investigations/information when she filed her EEO complaint and during the pendency of security clearance process.

12. Plaintiff has not received any additional information from Defendants except for the information about the Exemptions from DSS, (the three photographs) and the United States Justice Department.

13. This information was disclosed by the Magistrate and the United States Attorney's Office.

14. Defendants have known as well as Plaintiff that there is a second investigation conducted on Plaintiff. Plaintiff requested both investigations under the two case controllers, case controller "C" and case controller "O", administrative inquiry and Inspector's General reports. Defendants, (DSS), stated that they expunged records after a certain period of time. Plaintiff's last EEO investigation was conducted in 1999. Plaintiff's filed her lawsuit in 2000. Plaintiff's case has been in litigation or the agency since 1999. Why would DSS destroy records that are needed in litigation, especially when these records were needed to explain the allegation of the affair and the effects it played on her security clearance? However, an agency's failure to comply with it owns regulations can undercut an exhaustion defense. See Johnson v IRS. No. 90-2519. 1992 WL 115607. at (D.D.C. May 4, 1992): Haldane v. Commr'r. No. 90-654M. 1990 U.S. Dist. LEXIS 11612. at **4-6 (W.D. Wash. August 23, 1990). 5U.S.C.552(g)(2)(A). The standard of accuracy under this provision is the same as under subsection (e)(5) which requires agencies to maintain records used in making determinations about individuals" with such accuracy,

relevance, timeliness, completeness as is reasonably necessary to assure fairness to the individual in the determination."

15. Plaintiff' exhausted all her administrative remedies before bringing this FOIA case to the Court. Plaintiff appealed her DSS FOIA's requests in 2005. WHS disclosed in their letter that all the information about Plaintiff's security clearance and termination from employment were sent to DSS for their response. ("court may determine whether a Privacy Act violation caused plaintiff damage (here the loss of his job)"): Hay v. Sec'y of the Army. 739 F. Supp. 609. 612-13 (S.D. Ga. 1990) (similar).

16. Dickson v. OPM, 828 F. 2d 32, 36-40 (D.C. Cir 1987), the D.C. Circuit held that a subsection (g)(1)(C) damages lawsuit is proper against any agency maintaining a record violating the standard of fairness mandated by the Act, regardless of whether that agency is the one making the adverse determination. See also Blazy v. Tenet, 979 F. Supp. 10. 19 (D.D.C. 1007) ("The adverse determination need not be made by the agency that actually maintains the record so long as it flowed from the inaccurate record". (citing Dickson. No. 97-5330, 1998 WL 315583 (D.C. Cir. May 12, 1998): Doe V. United States Civil Serv. Comm'n, 483 F. Supp. 539,556 (S.D.N.Y. 1980)(applying subsection (e)(5) to agency whose records were used by

7

another agency in making determination about individual): R.R. v. Dep't of the Army, 482 F. Supp. At 773 (same)

17. Defendants stated furthermore, as it concerns defendants' claimed exemptions because they should not apply in this case. The one sentence contention is unsupported by any argument or legal authority

18. Courts may review records in camera to determine whether any of the exemptions set forth in subsection (k) apply. See 5 U.S.C. 552a(g)(3))A).

19. Defendants stated that they invoked Exemption 6(b) to protect the identities of the individuals in the photographs. But the identities are known to Plaintiff. In these photographs was Mrs. Whitfield, who was married to Oliver Whitfield, was engaged in an extramarital affair with Alvin Green, a widower. Mr. Green and Mrs. Whitfield were never married. Mrs. Whitfield was allowed to participate fully in Plaintiff's periodic reinvestigation, but Plaintiff was not allowed to fully participate.

**EXEMPTIONS**

20. DSS invoked Exemption 6(b) to protect personal information or similar material pertaining to other individuals, any release of which would constitute a clearly unwarranted invasion of another individual's privacy.

21. DSS disclosed that they were protecting the identities of the individuals in these three intimate photographs. Plaintiff gave DSS these photographs

of Mrs. Whitfield and Mr. Green in an extramarital affair to show what kind of person she was.

22. "To determine whether release of a file would result in a clearly unwarranted invasion of personal privacy, (the Court) must balance the private interests involved (namely, 'the individual's right of privacy') against the public interest, (namely, "the basic purpose of the Freedom of Information Act,: which is 'to open agency action to the light of public scrutiny') Horowitz, 428 F. 3d at 217-78 (quoting and citing Dep't of the Air Force v. Rose, 425 U.S. 352, 372-73 (1976). The Court must balance the individual's interest in privacy against the public interest in disclosure, keeping at forefront the FOIA's "basic policy of opening agency action to the light of public scrutiny." Home Builders, 309 F. 3d at 32 (quoting Ray, 502 U.S. at 175.

23. DSS conducted a secret investigation about an alleged affair on Plaintiff. Plaintiff never participated in the secret investigation. The secret investigation about an alleged affair and whatever else was made a part of her security clearance and sent to WHS. Because of the fraudulent and unsubstantial information, that Mrs. Whitfield, Mr. Phil Bowling, Plaintiff's second line supervisor in 1996, Joe Sparkman, her first line supervisor in 1996, and others, Plaintiff's reputation was damaged, her security was

revoked and her employment terminated. :The fraudulent information was maliciously placed in Plaintiff's security clearance and Plaintiff never knew about the information. DSS knew Plaintiff knew nothing about the information, but they never said a word. Defendants could not be allowed to use Exemptions because it was Mrs. Whitfield and others who was allowed to bring the fraudulent information to Plaintiff's employment and Plaintiff was never given an opportunity to defend her security clearance before it was revoked.

As far as the mediation, Exemption 3 (exemptions 5 U.S.C. 552(b)(3) and 28 U.S.C. 652(d)), how can information that was used to damage Plaintiff's reputation, revoke her security clearance and terminate her employment, now be exempted without due process afforded to Plaintiff?

On page 2, paragraph 2 of Mr. John W. Kornmeier's declaration, he stated that "the letter, which is confidential under mediation process, reveals the government position in the case of the mediation, but no copy was provided to the other party," (Plaintiff). So how can you mediate something Plaintiff knew nothing about? Again the government is the one with all the information pertaining to Plaintiff, so they can take a stand because she does not know what information they possess.

Plaintiff was never given due process in the revocation of her security clearance as indicated by the Magistrate Judge in December 2004 and the attorneys for DoD. Therefore, summary judgment is not appropriate in this case because are genuine and material issues/facts in this case.

Plaintiff explained to the court that she sent the second amended complaint to the wrong address, but she has resubmitted the complaint.

WHEREFORE, Plaintiff requests that this Court:

(1) Deny Defendant's requests for summary judgment.

(2) Declare that Defendants' refusal to disclose the records requested by Plaintiff is unlawful;

(3) Deny the Defendants' requests for exemptions because they should not apply in this case.

(4) Order Defendants to make the requested records available to Plaintiff immediately.

(5) Award Plaintiff its costs and reasonable attorney's fee in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*[signature]*

Gloria D. Yelder
*Pro se*
1807 Eufaula Avenue
Birmingham, AL 35208
(205) 613-6680

**DEFENDANTS SERVED VIA CERTIFIED MAIL:**

I, Gloria D. Yelder, hereby declare that on the ___28___ day of April, 2008, I mailed a copy of the answer to defendant's request for summary judgment certified mail return receipt, to the below listed Defendant.

---

Michele Johnson
United States Attorney for the District of Columbia
555 Fourth Street, NW
Washington, D.C. 20530


*(signature)*
Gloria D. Yelder
*Pro se*
1807 Eufaula Avenue
Birmingham, AL 35208
(205) 613-6680