# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GLORIA YELDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | **Civil Case No.  07-1639 (RJL)** |
| **DEFENSE et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION
(September **21** , 2008) [#7, 8, 15]

*Pro se* plaintiff Gloria Yelder ("plaintiff" or "Yelder") brought a Freedom of

Information Act ("FOIA") action against defendants United States Department of

Defense ("DoD"), Defense Security Service ("DSS"), and Washington Headquarters

Services ("WHS"), seeking access to certain employment records related to the

revocation of her security clearance and the resulting termination of her employment at

DSS.  Defendants have moved for summary judgment as to the plaintiff's amended

complaint.  Because defendants conducted an adequate search for responsive documents,

and properly applied the exemptions to FOIA, the Court GRANTS defendants' motion

for summary judgment.

## BACKGROUND

DSS and WHS, separate agencies of the Department of Defense, received multiple FOIA requests from Yelder after DSS terminated her employment in August 1998, following the revocation of plaintiff's security clearance. Am. Compl. ¶¶ 5, 9. In July 2005, plaintiff sent a FOIA letter to DSS requesting "periodic reinvestigations, including Inspector General reports, Administrative Inquiry reports, DSS Security records and Equal Employment Opportunity records, used and/or relied upon in reaching the decision to revoke her clearance and terminated [sic] her employment." Am. Compl. ¶ 10; Defendants' Statement of Material Facts as to Which There Is No Genuine Issue ("Def. Facts") ¶ 28. On August 11, 2005, DSS informed plaintiff that a search of the indices to the records system revealed no Inspector General, Equal Employment Opportunity, Office of Security, or Administrative Inquiry files pertaining to plaintiff. Def. Facts ¶ 29. DSS did locate, however, a periodic reinvestigation report that had been previously released to her in November 1998. Def. Facts ¶ 31. Plaintiff alleges that she appealed this decision to the Director of DSS, but DSS has no record of such appeal. Am. Compl. ¶ 11; Def. Facts ¶ 32.

Undaunted, the plaintiff sent a subsequent FOIA request to WHS on January 21, 2007. Def. Facts ¶ 2; Am. Compl. ¶ 14. That request sought "all information pertaining to my security clearance, including Periodic Reinvestigation, (PR), Case Controller Number 96192-DXC-1817-1E3, as well as any investigations or information pertaining to my security clearance." Def. Facts ¶ 3. In response, WHS assigned the request to the WHS Human Resources Directorate and forwarded the request to DSS for an additional

search.  Def. Facts ¶ 4; Am. Compl. ¶ 15.  On June 7, 2007, DSS provided plaintiff with copies of all DSS documents pertaining to her.  Def. Facts ¶ 34; Am. Compl. ¶ 17.  On October 23, 2007, WHS provided 405 pages of responsive information to plaintiff.  Def. Facts ¶ 5; Am. Compl. ¶ 21.  WHS forwarded responsive material in its possession on that same day to DSS and to the Department of Justice ("DOJ") for review and reply directly to the plaintiff.  Def. Facts ¶ 6.  On November 28, 2007, DSS released all of these documents to the plaintiff, except for a single page of photographs redacted by the agency to conceal the identities of the individuals involved.  Def. Facts ¶ 48; Am. Compl. ¶ 23; Second Decl. of Leslie Blake ("Blake 2d Decl."), Ex. 2.  Plaintiff did not appeal the October 23, 2007 WHS decision, but did appeal the November 28, 2007 DSS decision in a December 9, 2007 letter to DSS.  Def. Facts ¶ 43; Am. Compl. ¶ 27.  The appeal was denied in full on March 13, 2008.  Def. Facts ¶ 47; Blake 2d Decl., Ex. 5.

Like DSS, DOJ's Executive Office for United States Attorneys ("EOUSA") produced the material provided by WHS directly to plaintiff.  Am. Compl. ¶¶ 32-33.  EOUSA withheld only one document from this production – a February 5, 2001 letter from John C. Bell, an Assistant United States Attorney, to the Honorable John E. Ott, United States Magistrate Judge for the Northern District of Alabama.  Def. Facts ¶ 11.  The letter, provided pursuant to a mediation order in a separate lawsuit filed by plaintiff, reveals the Government's confidential position in the case to a mediator.  Def. Facts ¶ 12.  Plaintiff appealed that decision to DOJ's Office of Information and Privacy, which affirmed the EOUSA action on March 20, 2008.  Am. Compl. ¶ 35; Def. Facts ¶ 10; Declaration of John W. Kornmeier, Ex. B.

3

Plaintiff filed this lawsuit on September 14, 2007, seeking judicial review of these decisions. Defendants responded to plaintiff's complaint with motions to dismiss on November 19, 2007 and November 23, 2007.

Plaintiff amended her complaint on February 5, 2008 to reflect the December 9, 2007 DSS appeal. Defendants filed a motion for summary judgment on March 28, 2008.

## ANALYSIS

Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and the Court draws all reasonable inferences regarding the assertions made in a light favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). For the following reasons, defendants have met their burden.

## I.    Plaintiff Failed to Exhaust All Her Administrative Remedies

Exhaustion of all administrative remedies is generally required before a plaintiff may file suit in federal court. *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). Indeed, a FOIA claim must be dismissed if the plaintiff has failed to do so. *Hidalgo*, 344 F.3d at 1260; *see also Dettmann v. U.S. Dep't of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986). Because Yelder failed to allege that she exhausted her appeals of the FOIA request to defendant WHS, the portions of her complaint relating to the WHS request must be dismissed as a

4

matter of law. *Bestor v. Cent. Intelligence Agency*, No. 04-cv-2049, 2005 WL 3273723, at *3 (D.D.C. Sept. 1, 2005).

## II.   Defendants Have Fully Discharged Their Obligations Under FOIA

With respect to her DSS FOIA requests, summary judgment is appropriate despite Yelder's exhaustion of her remedies because defendants fully discharged their FOIA obligations. *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996). How so? A defendant has complied with its FOIA obligations if: (1) the search for responsive documents was reasonably calculated to uncover all relevant documents, *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994); and (2) the information withheld from release falls within an exemption from FOIA's general requirement that material be released, *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001). Defendants met both requirements in this case.

### A. Defendants' Search Was Adequate

To fulfill its obligations under FOIA, an agency must demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents." *Steinberg*, 23 F.3d at 551 (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). The question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate.*" *Steinberg*, 23 F.3d at 551. The adequacy of the search is judged by a standard of reasonableness and depends upon the facts of each case. *Weisberg*, 745 F.2d at 1485. To meet this burden, the agency may submit affidavits or declarations that explain the scope and method of the agency's search. *Perry v. Block*,

684 F.2d 121, 127 (D.C. Cir. 1982) ("[I]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA.").

Here, defendants have demonstrated, through detailed affidavits, that their searches were satisfactory. DSS followed the standard procedure in place for FOIA requests, utilizing computerized searches of an index to identify responsive documents. Def. Facts ¶¶ 21-28. These searches successfully identified hundreds of pages of documents, the vast majority of which defendants provided to plaintiff.

Yelder does not contest these facts, insisting instead that further documents exist, even though she provides no factual or legal basis for her claims. Unfortunately for her, mere allegations of additional documents are not enough to overcome defendants' demonstrations that their searches were adequate. *See, e.g.*, *Steinberg*, 23 F.3d at 551.

### B. Defendants Properly Withheld Certain Documents

As noted above, Yelder received hundreds of pages of documents from defendants in response to her multiple FOIA requests. Indeed, only two documents were withheld under exemptions to FOIA: 1) a single page of intimate photographs, which were redacted pursuant to Exemption 6; and 2) a confidential mediation letter withheld in full under Exemption 3. Both of these exemptions were properly applied. How so?

Exemption 6 provides that "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" may be exempted from disclosure under FOIA. 5 U.S.C. § 552(b)(6). Under Exemption

6, "information such as 'names, addresses,' and other 'personal identifying information' is properly withheld because it creates a palpable threat to privacy." *Carter v. U.S. Dep't of Commerce*, 830 F.2d 388, 391 (D.C. Cir. 1987) (internal citations omitted). This threat to privacy is balanced against any public interest in disclosure. *Public Citizen Health Research Group v. U.S. Dep't of Labor*, 591 F.2d 808, 809 (D.C. Cir. 1978). A substantial invasion of privacy is "clearly unwarranted" only if the public interest balanced against it is "sufficiently weaker." *Id.*

Here, DSS redacted the pictures because to do otherwise would be a clearly unwarranted invasion of personal privacy. Indeed, intimate photographs such as these create a more palpable threat to privacy than a name or an address. Because there has been no allegation that the public interest demands the disclosure of these very personal photographs, the redactions were proper under Exemption 6.

As to Exemption 3, agencies are allowed to withhold information specifically exempted from disclosure by statute if the statute "refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). Defendants classify 28 U.S.C. § 652(d) as an Exemption 3 statute because it requires a district court, by local rule, to "prohibit disclosure of confidential dispute resolution communications." *See Irons and Sears v. Dann*, 606 F.2d 1215, 1220 (D.C. Cir. 1979) ("explicit nondisclosure statutes that evidence a congressional determination that certain materials ought to be kept in confidence will be sufficient to qualify under [Exemption 3]."). This Court agrees that the ban on disclosure of these communications evidences a congressional determination that they "ought to be kept in confidence." *Id.* In this case, the document withheld by

7

EOUSA[1] was a confidential letter to a mediator setting out the Government's position. Clearly, such a confidential communication qualifies as a confidential dispute resolution communication under 28 U.S.C. § 652(d). The use of Exemption 3 was therefore appropriate.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment on the amended complaint, and finds that the earlier motions to dismiss the original complaint are moot.

RICHARD J. LEON
United States District Judge

---

[1] Plaintiff did not name DOJ or EOUSA as a defendant in this action, but she does allege that this letter was improperly withheld. Because the Court finds Exemption 3 was properly applied, it declines to address the procedural issues inherent in raising claims involving unnamed defendants.